1. LARCENY ⬦64(6)—CONVICTION FOR THEFT OF AUTOMOBILE NOT WARRANTED IN VIEW OF EXPLANATION OF POSSESSION.

Evidence *held* not to warrant conviction of defendant for theft of automobile in view of explanation of how automobile came to be in his garage.

2. LARCENY ⬦41—STATE HAD BURDEN OF SHOWING THAT EXPLANATION OF POSSESSION WAS UNREASONABLE.

Where defendant's explanation of possession of stolen automobile contained no contradiction or weaknesses which of themselves would destroy it, the state had the burden of proving that the explanation was unreasonable or untrue.

Appeal from Criminal District Court, Dallas County; R. B. Seay, Judge.

Horace Knott was convicted of theft and appeals. Reversed and remanded.

Allen & Allen and Baskett & De Lee, all of Dallas, for appellant.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

MORROW, J.  The conviction was for theft. The owner of an automobile left it at about 9 o'clock that night on one of the streets in the city of Dallas. It was taken without his consent, and about 11 o'clock on the same night was found by two police officers, who testified on behalf of the state that they found it in a garage belonging to the appellant. The officers watched the garage until about 12 o'clock on the next day, when the appellant entered it, and was arrested. The state proved his statement made at the time explaining his possession, which statement was in substance that about 9 or 9:30 o'clock on the night the car was lost some boys had the car on one of the streets to which it had been removed, and that appellant ran them out, took, and remained in possession of the car for the purpose of claiming a reward should there be any offered for it, he having no knowledge as to who was the owner. On cross-examination it was disclosed that on a previous occasion the appellant, while in his own car and riding with one of the officers, had related a similar transaction, in which he had found a car and delivered it to a police officer. The witness said that he would not be certain, but that he might have told the ap-

pellant on that occasion if there should be another such occurrence he would divide the reward. The witness said he would have divided the reward. This witness also testified to his impression that during the conversation the appellant stated that he had been looking for him, and had called his house and the police station in his effort to find the officer.

[1, 2] No fact or circumstance other than those detailed was before the jury, and we think upon these the verdict was not warranted. If the explanation given by the appellant was true, he was not guilty of theft (Micheaux v. State, 30 Tex. App. 660, 18 S. W. 550; Davis v. State, 45 Tex. Cr. R. 132, 74 S. W. 544), and it was the state's burden to prove that the appellant's explanation was unreasonable or untrue. It contains no contradiction or weaknesses which of themselves would destroy it, and there are no facts or circumstances introduced to do so. Without discussing them, we refer to Powell v. State, 11 Tex. App. 401; Porter v. State, 45 Tex. Cr. R. 66, 73 S. W. 1053; Johnson v. State, 12 Tex. App. 385, and others collated in Branch's Annotated Texas Penal Code, pp. 1333, 1334.

The judgment is reversed, and the cause remanded.

---

## BROWN v. STATE.  (No. 5720.)

(Court of Criminal Appeals of Texas.  March 17, 1920.)

CRIMINAL LAW ⬦1090(16)—MOTION FOR NEW TRIAL NOT REVIEWABLE WHERE NO FACTS OR EXCEPTIONS.

Where the record does not contain a statement of facts or bill of exceptions, matters presented by the motion for new trial cannot be revised on appeal.

Appeal from Criminal District Court, Tarrant County; George E. Hosey, Judge.

John Brown was convicted of burglary, and he appeals. Affirmed.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J.  Appellant was convicted of burglary, and allotted six years in the penitentiary. The record does not contain a statement of facts or bill of exceptions. Being in this condition, the matters presented by the motion for new trial cannot be revised.

The judgment will be affirmed.

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes