JOHN HINTON v. THE STATE.

No. 7674. Decided April 25, 1923.

Rehearing Denied June 20, 1923.

1.—Receiving and Concealing Stolen Property—Statement of Facts.

Where, upon appeal from a conviction of receiving and concealing stolen property, the record was without a statement of facts, the indictment being regular, the judgment below is affirmed.

2.—Same—Rehearing—Agreement Between Counsel.

An agrement between the attorneys for the appellant and a counsel representing the State that the statement of facts might be filed back as within the time granted by statutes for such filing, cannot be recognized by this court, as the law requires that the statement of facts and bills of exceptions must be filed within a certain time.

Appeal from the District Court of Wichita. Tried below before the Honorable P. A. Martin.

Appeal from a conviction of receiving and concealing stolen property; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*H. R. Bishop,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court Wichita County of receiving and concealing stolen property, and his punishment fixed at five years in the penitentiary.

The record is before us without a statement of facts. The bills of exception relate to such matters as depend for their soundness upon the facts. Having no facts before us we can not conclude same show any error. The indictment and charge of the court being regular, an affirmance will be ordered.

*Affirmed.*

ON REHEARING.

June 20, 1923.

LATTIMORE, JUDGE.—Appellant files a motion for rehearing setting up that there was an agreement between the attorneys for appellant and a gentleman who was then representing the State, the substance of which was that when the statement of facts should be made out and presented, same might be filed back as within the time granted by statute for such filing. We regret we can not recognize such an agreement. The duty is on one appealing his case to diligently follow the preparation and presentation of the documents necessary to properly perfect such appeal. The law requires that statement of facts and bills of exception be filed within certain times. If agreements could be made by attorneys for the respective sides that such papers might be actually filed at other times but dated back, and the courts would enforce such agreements, the statute would in effect be thus abrogated. It is stated in the motion that a statement of facts was prepared by the appellant and left with State's attorney, but there is no statement as to when same was so left.

We regret that we are not in position, in view of the plain declaration of our statute, to grant appellant's motion, and name will be overruled.

*Overruled.*