## L. W. Johnson v. The State.

No. 10093.   Delivered April 14, 1926.

Rehearing denied May 26, 1926.

1.—Sale of Intoxicating Liquor—Statement of Facts—Time for Filing.

Article 760 C. C. P., Revision of 1925, prohibits the consideration of a statement of facts filed more than ninety days *after the notice of appeal.* Appellant's statement of facts having been filed after the time limited by this statute, cannot be considered.

2.—Same—Constitutionality of Statute—Sustained.

. On rehearing appellant presents that the change in the statute fixing the time in which statement of facts must be filed in the trial courts is unconstitutional as violation of Art. 3, Secs. 35 and 36 of our state constitution. This question was decided by our Supreme Court in the case of the American Indemnity Co. v. Austin, 112 Tex. 239, 246 S. W. 1019.

Appeal from the District Court of Taylor County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful sale of intoxicating liquor, punishment fixed at confinement in the penitentiary for a period of two years and three months.

The trial took place on the 9th of October, 1925. Notice of appeal was given upon that date. Ninety days after adjournment were allowed within which to file a statement of facts and bills of exception. The document denominated statement of facts appear to have been filed in the District Court on January 28, 1926. The court adjourned on the 31st of October, 1925. The ninety days after adjournment expired on December 31, 1925. The State's Attorney before this court has filed objections to the consideration of the statement of facts. The statute, Art. 760, C. C. P., Revision of 1925, prohibits the consideration of a statement of facts filed more than ninety days after the notice of appeal. As the record is presented, we are not permitted to consider the statement of facts.

We are not able to appraise the exceptions to the court's charge in the absence of a knowledge of the facts that were before the trial court. We find no complaint of the receipt of rejection of evidence.

Finding no error in the record, the judgment is affirmed .

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Our refusal to consider the statement of facts is consistent with many announcements to the same effect since the Revised Criminal Statutes of 1925 became

effective.   Appellant's suggestion that the change in the statute is unconstitutional as violative of Art. 3, Secs. 35 and 36 of the state constitution is not upheld in an exhaustive opinion from the Supreme Court in American Indemnity Co. v. Austin, 112 Texas 239, 246 S. W. 1019.

The motion for rehearing is overruled.

*Overruled.*