## GEORGE BAILEY V. THE STATE.

No. 10078.   Delivered April 21, 1926.

**Manslaughter—Statement of Facts—Time of Filing—Statute Construed.**

Under Art. 760 C. C. P. Revision of 1925, the statement of facts in criminal cases must be filed within ninety days from the *date that notice of appeal is given,* and not within ninety days from the adjournment of the term.   Trial judges have no authority to extend the time of filing, beyond that provided in this statute.   The statement of facts in this case having been filed too late, cannot be considered and no bills of exception appearing in the record, the judgment must be affirmed.

Appeal from the District Court of Milam County.   Tried below before the Hon. John Watson, Judge.

Appeal from a conviction of manslaughter, penalty two years in the penitentiary.

*B. P. Motacha,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Milam County of manslaughter, punishment fixed at two years in the penitentiary.

The record is before this court without any bills of exception. The State's Attorney objects to a consideration of the statement of the facts because filed more than ninety days from the date of the order overruling the motion for new trial. This objection of the State's Attorney must be sustained. Attention of the courts and litigants is again called to the fact that the Revised Criminal Statutes of 1925, which became effective on September 1, 1925, in Art. 760, specifically states that the time for filing statements of fact and bills of exception shall not be so extended as to delay the filing thereof within ninety days from the date notice of appeal is given. Under the law as it was before the adoption of the Revised Code, parties could be allowed ninety days from the adjournment of court for the filing of statements of fact and bills of exception. We regret that we are unable to consider the statement of facts in this and other cases which though filed within ninety days after the adjournment of court, but not within ninety days after the giving of notice of appeal. In the instant case the motion for new trial was overruled and notice of appeal given on October 5, 1925, but the statement of facts was not filed until the 6th of January, 1926. This being after the expiration of the time allowed by the new statute, as stated above, the objection of the State will be sustained and we must decline to consider the statement of facts. The indictment and charge of the court appear to be in conformity to the law.

No error appearing, the judgment will be affirmed.

*Affirmed.*