### TONY KOLBACHINSKI V. THE STATE.

No. 10190.   Delivered May 26, 1926.

**1.—Manslaughter—Statement of Facts—Filed Too Late—Cannot Be Considered.**

Where a statement of facts is filed more than ninety days after notice of appeal is given, under the Revised Statutes of 1925 we are without authority to consider such statement of facts, as has been many times held by the court.

**2.—Same—Requested Charge—No Error Perceptible—In Absence of Statement of Facts.**

Where appellant complains of the refusal of the trial court to give a requested special charge, and his statement of facts cannot be considered, we are unable to determine whether the refusal of the special charge was error.

#### ON REHEARING.

**3.—Same—Statement of Facts—Time for Filing—Fixed by Legislature.**

The change in the time for filing statement of facts in the revised

code of 1925 fixing same within ninety days from the date of giving of notice of appeal, however much we may regret the changes made, is binding on us. We do not make the law. We only interpret it in doubtful cases, and declare it in others.

Appeal from the District Court of Trinity County. Tried below before the Hon. Carl T. Harper, Judge.

Appeal from a conviction of manslaughter, penalty two years in the penitentiary.

The opinion states the case.

*M. L. Bennett* of Normangee, *Hayne Shannon* of Navasota, *C. H. Crow* of Groveton, and *Wiley Posten* of Lufkin, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Trinity County of manslaughter, punishment two years in the penitentiary.

The state objects to the consideration of the statement of facts in this case because filed more than ninety days after the motion for new trial was overruled and notice of appeal was given. The motion for new trial was overruled October 13, 1925. The statement of facts was filed January 14, 1926. This was ninety-three days after the notice of appeal and more than the time fixed by the Revised Statutes of 1925. We are thus deprived of the right to consider the statement of facts.

The record contains but one bill of exceptions. Same was taken to the refusal of a special charge, the applicability of which would necessarily depend upon the testimony in the case. Being deprived of the right to look to the testimony, we are unable to determine whether the refusal of the special charge referred to was error.

The indictment being regular, and the charge of the court appearing to be satisfactory to appellant and to present the law applicable to the offense, and nothing being before us to support any contention that appellant has not had a fair trial, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The members of this court have expressed their regret more than once at the change in the

1925 Code of Criminal Procedure of the time within which statements of facts must be filed in order to entitle them to consideration by this court. We do not make the law. We only interpret it in doubtful cases and declare it in others. Said statute plainly fixes the time within which the statement of facts must be filed in a criminal case. Said period is ninety days from the date of the giving of notice of appeal. The statement of facts in this case not being filed within the time fixed by statute, cannot be considered.

The motion for rehearing will be overruled.

*Overruled.*