### MELVIN JOHNSON V. THE STATE.

No. 10271. Delivered June 20, 1926.

Rehearing denied October 20, 1926.

**1.—Transporting Intoxicating Liquor—Statement of Facts—Time for Filing**

Under Art. 760, C. C. P. of 1925, the statement of facts and bills of exception must be filed not more than ninety days after notice of appeal is given. In this case the statement of facts and bills of exception were filed more than ninety days after notice of appeal, and cannot be considered. No error appearing in the record, the judgment is affirmed. Following Bailey v. State, 282 S. W. 804.

#### ON REHEARING.

**2.—Same—No Statement of Facts—Errors Not Disclosed.**

Where a record does not contain a statement of facts that the court can consider, bills of exception complaining of errors committed upon the trial cannot be appraised by this court. The motion for rehearing is therefore overruled.

Appeal from the District Court of Titus County. Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

*J. B. Williams* and *B. B. Sturgeon,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District

Court of Titus County for unlawfully transporting intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The record discloses that the appellant's motion for a new trial was overruled and his notice of appeal to this court was given on January 19, 1926, and that at said time the court granted him ninety days after the adjournment of said term of court within which to file his statement of facts and bills of exception. The statement of facts and bills of exception were filed on April 30, 1926, more than ninety days after the notice of appeal was given, which was too late for this court to consider same. Under Art. 760, C. C. P., statements of fact and bills of exception filed more than ninety days after notice of appeal is given cannot be considered by this court. See Bailey v. State, 282 S. W. 804; there are many other opinions to the same effect, yet unreported, delivered recently by this court.

With the statement of facts and bills of exception thus eliminated, there are no other questions raised in the record for our consideration.

Finding no error in the record, the judgment of the trial court is affirmed. *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant's motion for rehearing is based upon alleged errors of the trial court in charging the jury and in passing upon the motion for a continuance. The matters raised are such as cannot be appraised by this court in the absence of knowledge of the facts which were before the court in the trial of the case.

The motion is overruled.

*Overruled.*