BOB DAVIS v. THE STATE.

No. 10123.   Delivered October 6, 1926.

Rehearing denied November 10, 1926.

1.—Sale of Intoxicating Liquor—Statement of Facts—Time for Filing.

Where a statement of facts was filed more than one hundred days after notice of appeal is given, it cannot be considered by this court on appeal. In the absence of a statement of facts, the cause must be affirmed. See Art. 760, C. C. P. 1925. Following Bailey v. State, 282 S. W. 804, and other cases cited.

ON REHEARING.

2.—Same—Date of Offense—Rule Stated.

Where, on a trial for the sale of intoxicating liquor, the court charged the jury that if they found from the evidence that the accused sold the liquor in question at any time within one year prior to the presentment and filing of the indictment to convict, this was a correct presentation of the law. The state is not required to prove that the offense was committed on the exact date laid in the indictment, but under our practice may prove any date prior to the return of the indictment, and within the period of limitation prescribed by statute.

Appeal from the District Court of Hunt County.   Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Ramey & Davidson* of Sulphur Springs, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The conviction is for the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The order overruling the motion for new trial was made November 9, 1925. The statement of facts was filed February 22, 1926, more than one hundred days after notice of appeal was given. The statute, Art. 760, C. C. P. 1925, allows but ninety days. Because the statement of facts was not filed in the time allowed by law, this court is forbidden to consider it. See Bailey v. State, 282 S. W. 804; Johnson v. State, 283 S. W. 807; Jordan v. State, 284 S. W. 561; Kolbachinski v. State, 284 S. W. 951.

In the single bill of exceptions found in the record, complaint is made of the receipt of certain evidence. The merits of the complaint cannot be determined in the absence of the statement of facts.

We have read the purported statement of facts. If we were privileged to consider it, we deem it sufficient to support the verdict. However, it having been filed too late, the presumption that the evidence was sufficient must prevail.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Appellant bases his motion on the proposition that the trial court erred in his charge in telling the jury that if they found from the evidence that the accused sold the liquor in question at any time within one year prior to the presentment and filing of the indictment in this case, to convict. We do not regard this as any error. The state is not required to prove that the offense was committed on the exact date laid in the indictment, but under our practice and holdings may prove that same was committed at any time prior to the return of the indictment and within the period of limitation prescribed by statute. We have frequently held that a charge so instructing the jury was not an erroneous charge.

Being unable to agree with appellant's contention, the motion for rehearing will be overruled.

*Overruled.*