### WALTER CLARK v. THE STATE.

No. 9546.    Delivered October 13, 1926.

Rehearing denied December 15, 1926.

1.—Manufacturing Intoxicating Liquor — Statement of Facts — Time for Filing.

Under Art. 760, C. C. P. of 1925, a statement of facts must be filed within ninety days after notice of appeal is given. The trial court now has no authority to extend the time for such filing. While the statement of facts before us was filed within the time granted by the trial court, being filed more than ninety days after the notice of appeal was given, we are without authority to consider same. Following Barley v. State, 282 S. W. 804, and Johnson v. State, 283 S. W. 807.

2.—Same—Continuance—Practice on Appeal.

In passing upon appellant's motion on appeal, the averments in the motion are to be considered in connection with the evidence adduced upon the trial so that the appellate court may determine, in the light of the evidence whether the absent testimony was such as to show an abuse of the discretion by the trial court. There being no statement of facts before the court, we cannot determine that in refusing to continue the case the trial court was in error. See Vernon's Tex. Crim. Stats., Vol. 2, p. 320, note 34, for collation of authorities.

ON REHEARING.

**3.—Same—Statement of Facts—Filed Within Time—Will Be Considered.**

On rehearing, the attention of the court being called to the fact that the statement of facts in this case was filed before Art. 860, C. C. P. of 1925, became effective and that same was filed within the time prescribed before said article became effective, it will now be considered.

**4.—Same—Medicinal Purposes—Issue Not Raised.**

Where, on a trial for the manufacture of intoxicating liquor, the evidence disclosed that a twenty-five-gallon capacity still was found in appellant's kitchen in full operation manufacturing whiskey, appellant and his wife both being present, and also that three one-half gallon jars and a quart jar half full of whiskey was found on the premises, there was no error in refusing to permit appellant to prove that on the date of the offense his wife was in an advanced state of pregnancy, and prior thereto had been using intoxicating liquor for medicinal purposes. This testimony was not sufficient, standing alone, to present the issue that the whiskey was being manufactured for medicinal purposes.

**5.—Same—Continuance—Properly Refused.**

Where appellant presented an application for a continuance on account of the absence of his wife, and it is shown that the wife was also under indictment for the same offense, the application was properly refused notwithstanding appellant's claim that the indictment against his wife was not returned in good faith, but to prevent her from testifying in his behalf, such claim not being sustained by the proof presented. See Art. 711, C. C. P. of 1925.

**6.—Same—Severance—Properly Refused.**

Where a severance is sought by the appellant, and it is manifest that the granting of same would necessarily result in a continuance of the case, under Art. 651, C. C. P. of 1925, there was no error in refusing to grant the severance, and the motion for rehearing is overruled.

Appeal from the District Court of Hopkins County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Ramey & Davidson* of Sulphur Springs, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful manufacture of intoxicating liquor, punishment fixed at confinement in the penitentiary for one year.

The statement of facts was filed within ninety days after adjournment of the term of court at which the trial took place,

but more than ninety days after the motion for new trial was overruled and notice of appeal given. The court allowed ninety days after adjournment. However, the statute covering the matter restricted his authority to the allowance of ninety days after notice of appeal. See Art. 760, C. C. P. 1925. This court is not authorized to consider a statement of facts not filed within the space of time allowed by statute. See Bailey v. State, 282 S. W. 804; Johnson v. State, 283 S. W. 807.

We find nothing in the record bringing it within the rule stated in George v. State, 25 Tex. Crim. App. 229, by which the statement of facts might be considered if the delay was not due to a lack of diligence upon the part of the appellant. See Clampitt v. State, 96 Tex. Crim. Rep. 149; Dyer v. State, 96 Tex. Crim. Rep. 304, and cases cited; also Vernon's Tex. Crim. Stat., Vol. 2, p. 837, note 20.

In the record there is found a bill of exceptions complaining of the refusal of the court to continue the case. The application for a continuance is addressed to the sound judicial discretion of the court. On appeal, the averments in the motion to continue are to be considered in connection with the evidence adduced upon the trial so that the appellate court may determine, in the light of the evidence, whether the absent testimony was such as to show that in refusing to grant a new trial there was an abuse of discretion by the trial court. Without the evidence heard upon the trial in the present case, this court is not able to determine that in refusing to continue the case the court was in error. The precedents upon the subject are numerous. Many of them are collated in Vernon's Tex. Crim. Stat., Vol. 2, p. 320, note 34.

Finding nothing in the record which would justify this court in ordering a reversal, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Our attention has been called to the fact that Art. 760, C. C. P. 1925, did not become effective until September of that year, and that the statement of facts in the present case was filed within the time authorized by law and allowed by the trial court before Art. 760, supra, became effective, namely, on May 30, 1925. The statement of facts is therefore properly before this court for consideration.

From the testimony of the sheriff, it appears that in the kitchen in the home of the appellant there was found a still in operation in the night time; that the appellant and his wife

were present; that the cook stove was used in operating the still; and that whiskey was in the process of making. The still had a capacity of about twenty-five gallons. On the premises were found three half-gallon jars full of whiskey and a quart jar half full of whiskey. A barrel about half full of mash was found some distance from the house.

Appellant introduced no testimony save that touching his good reputation. He offered, however, the testimony of his father, to the exclusion of which he complains by bill of exception. In the bill it is stated that the appellant offered to prove by the witness mentioned that on the date of the offense, the wife of the appellant was in an advanced state of pregnancy and that at the time was, and prior thereto she had been, using intoxicating liquors for medicinal purposes. It is believed that in excluding this testimony no reversible error is shown. Standing alone, as it does in the present case, it is not thought sufficient to present as an issue that the whiskey which was making at the time was for medicinal purposes. It is to be noted that there were three half-gallon jars of whiskey. How long they had been made is not revealed by the testimony.

Appellant presented an application seeking to continue the case because of the absence of his wife who, it was alleged in the application, was in an advanced state of pregnancy and unable to attend court. This the state met by showing that the wife was under indictment for the same offense and was therefore not available as a witness in favor of the appellant. See Art. 711, C. C. P. 1925. Appellant introduced testimony showing that the indictment had been filed about the same time that his application for a continuance was made, and contended that it was not obtained in good faith but to thwart his efforts to secure the testimony of his wife. The testimony of the grand jurors heard upon this subject was to the effect that the indictment had been found at a much earlier date and upon facts similar to those touching the appellant's indictment. The evidence heard was such as to justify the court in finding that the wife was disqualified as a witness for the defendant.

Appellant also sought a severance, but it being manifest that the granting of the severance would necessarily have resulted in a continuance, the court, under the statute, was right in refusing it. See Art. 651, C. C. P. 1925.

Failing to find reversible error in the record, the Court orders the motion for rehearing overruled.

*Overruled.*