### JACINTO GUERRO V. THE STATE.

No. 10443.    Delivered December 15, 1926.

**1.—Negligent Homicide—Statement of Facts—Time for Filing.**

Under Art. 760 of our C. C. P. of 1925 a statement of facts to be considered on appeal must be filed not later than ninety days after notice of appeal is given. In this case the statement of facts was filed 120 days after notice of appeal, and cannot be considered. Following Johnson v. State, 104 Tex. Crim. Rep. 384; Bailey v. State, 104 Tex. Crim. Rep. 150.

**2.—Same—Negligent Homicide Conviction — Under Indictment Charging Murder—Held Proper.**

Where an indictment charges murder, a conviction thereunder for negligent homicide is proper. Art. 695, C. C. P., 1925, provides that the offense of murder includes all the lesser degrees of culpable homicide, and an assault to commit murder. An indictment charging murder will support a conviction for any lower grade of homicide or for an aggravated or simple assault. See Branch's P. C., Sec. 2059, for collation of authorities.

**3.—Same—Continued.**

It is therefore proper to instruct the jury upon the law of negligent homicide, where the evidence raises such issue on a trial upon an indictment charging murder. Following Harper v. State, 92 Tex. Crim. Rep. 657.

Appeal from the District Court of Bexar County.   Tried below before the Hon. W. W. McCrory, Judge.

Appeal from a conviction for negligent homicide in the second degree, penalty one year in the county jail.

The opinion states the case.

HAWKINS, JUDGE.—Appeal is from a conviction for negligent homicide of the second degree, the punishment being imprisonment in the county jail for one year.

There is in the record a statement of facts which was filed in the trial court on the 7th day of July. The motion for new trial was overruled and notice of appeal given on the 29th day of March. By revision of our Code of Criminal Procedure, (1925) Article 760, Subdivision 5, the statement of facts must be filed within ninety days "from the date the notice of appeal is given." In this case the ninety days expired on the 27th day of June. We cannot consider the statement of facts filed after that time. Bailey v. State, 104 Tex. Crim. Rep. 150, 282 S. W. 804; Johnson v. State, 104 Tex. Crim. Rep. 384, 283 S. W. 807.

Appellant makes the point that a conviction for negligent homicide cannot be had under an indictment in the usual form charging murder for the reason that the elements of negligent homicide are not alleged. Bradshaw v. State, 50 S. W. 359, (Tex. Crim. App.) is direct authority against such contention. Article 695 C. C. P. (1925) provides that the offense of murder includes all the lesser degrees of culpable homicide, and also an assault with intent to commit murder. It has been the consistent holding that an indictment charging murder would support a conviction for any lower grade of homicide, or for aggravated or simple assault. Many authorities are collated in Section 2059, Branch's Ann. Tex. P. C.

Many authorities from this court may be found holding it error not to give appropriate instructions upon the law of negligent homicide where the evidence raises such issue in a trial upon an indictment charging murder. So far as we are advised the opinions upon the subject are uniform. One of the latest will be found in Harper v. State, 92 Tex. Crim. Rep. 657, 245 S. W. 79.

The judgment is affirmed.

*Affirmed.*