## GUERRA v. STATE.    (No. 10443.)

(Court of Criminal Appeals of Texas.   Dec. 15, 1926.)

1. **Criminal law ⬅➡1099(6) — Statement of facts, filed more than 90 days after notice of appeal, cannot be considered (Code Cr. Proc. 1925, art. 760, subd. 5).**

Statement of facts, not filed within 90 days from date notice of appeal is given, cannot be considered by appellate court, in view of Code Cr. Proc. 1925, art. 760, subd. 5.

2. **Indictment and information ⬅➡189(8)—Conviction for negligent homicide may be had under indictment for murder (Code Cr. Proc. 1925, art. 695).**

Conviction for negligent homicide may be had under indictment in usual form charging murder, since such indictment will support conviction for any lower grade of homicide or for aggravated or simple assault, in view of Code Cr. Proc. 1925, art. 695.

3. **Homicide ⬅➡309(4)—In murder case, court must instruct on negligent homicide, where evidence raises such issue.**

In prosecution for murder, court must give appropriate instructions on law of negligent homicide, where evidence raises such issue.

Appeal from District Court, Bexar County; W. W. McCrory, Judge.

Jacinto Guerra was convicted of negligent homicide of the second degree, and he appeals. Affirmed.

H. H. Jones, of Austin, and O. Ellis, Jr., of Luling, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J.   Appeal is from a conviction for negligent homicide of the second degree; the punishment being imprisonment in the county jail for one year.

[1] There is in the record a statement of facts which was filed in the trial court on the 7th day of July. The motion for new trial was overruled, and notice of appeal given on the 29th day of March. By revision of our Code of Criminal Procedure 1925, art. 760, subd. 5, the statement of facts must be filed within 90 days "from the date the notice of appeal is given." In this case the 90 days expired on the 27th day of June. We cannot consider the statement of facts filed after that time. Bailey v. State, 104 Tex. Cr. R. 150, 282 S. W. 804; Johnson v. State, 104 Tex. Cr. R. 384, 283 S. W. 807.

[2] Appellant makes the point that a conviction for negligent homicide cannot be had under an indictment in the usual form charging murder for the reason that the elements of negligent homicide are not alleged. Bradshaw v. State (Tex. Cr. App.) 50 S. W. 359, is direct authority against such contention.

Article 695, C. C. P. 1925, provides that the offense of murder includes all the lesser degrees of culpable homicide, and also an assault with intent to commit murder. It has been the consistent holding that an indictment charging murder would support a conviction for any lower grade of homicide, or for aggravated or simple assault. Many authorities are collated in section 2059, Branch's Ann. Tex. P. C.

[3] Many authorities from this court may be found holding it error not to give appropriate instructions upon the law of negligent homicide, where the evidence raises such issue in a trial upon an indictment charging murder. So far as we are advised, the opinions upon the subject are uniform. One of the latest will be found in Harper v. State, 92 Tex. Cr. R. 657, 245 S. W. 79.

The judgment is affirmed.