### LOUIS COURSER v. THE STATE.

No. 10507. Delivered February 9, 1927.

**Possessing Intoxicating Liquor—Statement of Facts—Filed Too Late.**

Under our C. C. P. of 1925, Statements of Fact and Bills of Exception must be filed not later than ninety days from the date of the notice of appeal. Trial judges are without authority to extend this time. In the record before us the statement of facts and bills of exception were filed 104 days after notice of appeal; they cannot be considered and the judgment is affirmed. Following Bailey v. State, 282 S. W. 804; Holden v. State, 267 S. W. 275, and Johnson v. State, 283 S. W. 807.

Appeal from the District Court of Palo Pinto County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for possessing intoxicating liquor, for the purpose of sale, penalty, three years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for possession of intoxicating liquor for the purpose of sale, punishment being confinement in the penitentiary for three years.

The motion for new trial was overruled and notice of appeal given on the 12th day of May, 1926, at which time the court gave sixty days in which to file statement of facts and bills of exception. Before the expiration of this sixty days an order was made by the court giving an additional thirty days for such filing. Court adjourned on the 29th day of May. We infer that the court and counsel were proceeding upon the theory that the time for filing began to run with the adjournment of court. The Revised C. C. P. of 1925 was in effect when the case was tried. It provides as follows:

"A statement of facts in a felony case filed within ninety days

*from the date the notice of appeal* is given shall be considered as having been filed within the time allowed by law for filing same, * * * upon good cause shown the judge trying the cause may extend the time within which to file a statement of facts and bills of exception, and shall have the power in time term or vacation, upon the application of either party for good cause, to extend the several time for the preparation and filing of the statement of facts and bills of exception, *but the same shall not be so extended as to delay the filing thereof within ninety days from the date the notice of appeal is given.*"

In the present case the ninety days from notice of appeal expired on August 10th. The statement of facts was not filed in the lower court until the 24th day of August, 104 days from the date of notice of appeal. The bills of exception were not filed until the 14th day of August, four days after the expiration of the time allowed by law.

We regret that we can not consider either the statement of facts or the bills of exception. Holden v. State, 267 S. W. 275; Johnson v. State, 283 S. W. 807; Bailey v. State, 282 S. W. 804.

The judgment is affirmed.

*Affirmed.*