ROBERT MADDOX, ALIAS JACK BROWN, V. THE STATE.

No. 11143. Delivered October 12, 1927.

Rehearing denied November 9, 1927.

**1.—Passing Forged Instrument—Evidence—Date of Offense—Rule Stated.**

The state is not bound by the exact date of an offense as it is alleged in the indictment, but it must be proved to be not so remote as to show that a prosecution for the offense was barred by limitation, and must be shown to have been committed anterior to the presentment of the indictment. See Collins v. State, 77 Tex. Crim. Rep., and other cases cited.

**2.—Same—Statement of Facts—Absence Of—Presumptions Indulged.**

Where a record is brought before this court without a statement of facts, the presumption is in favor of the conviction, and this court is not able to properly appraise bills of exceptions in the absence of a statement of facts. See Smith v. State, 99 Tex. Crim. Rep. 225, and other cases cited.

ON REHEARING.

**3.—Same—No Error Discovered.**

Our examination of the record in the light of appellant's motion for a rehearing leaves us of the opinion that on the original hearing an appropriate disposition was made of the appeal, and the motion is therefore overruled.

Appeal from the Criminal District Court of Travis County. Tried below before the Hon. James R. Hamilton, Judge.

Appeal from a conviction for passing a forged instrument, penalty three years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MARTIN, JUDGE. — Appellant was convicted of passing a forged instrument, punishment three years confinement in the penitentiary.

No statement of facts accompanies the record. The indictment charged the offense to have been committed on the 2nd day of October, 1926.

Complaint is made in the first two bills of exceptions that the court permitted witnesses for the state, after having testified to the commission of the offense on or about October 2, and after the defendant had placed his alibi witnesses on the stand to show that on that date he was in another and different place, to return to the witness stand and testify to the commission of the offense on the 2nd day of December, 1926. The bills of exceptions are qualified with the explanation that when the witnesses were first on the stand they had no records but after consulting their records and refreshing their memory they were able to testify to the date of the offense. The state is not bound by the date alleged in the indictment. The date proved must not be so remote as to show that a prosecution for the offense was barred by limitation and must be a date anterior to the presentment of the indictment. See Collins v. State, 77 Tex. Crim. Rep. 156; Cudd v. State, 28 Tex. Crim. Rep. 124; Irby v. State, 69 Tex. Crim. Rep. 619. The record fails to show any motion for a continuance or a postponement on the ground of surprise. In our opinion, there was no error in the action of the court.

We are unable to say, in the absence of a statement of facts, that the matters complained of in the remaining bills of exception were calculated to injure the appellant. In the absence of a statement of facts the presumption is in favor of the legality of the conviction. The presence of a statement of facts might reveal that the matters complained of were entirely harmless and the law, as we understand it, has laid upon us the duty of so presuming in the absence of a showing to the contrary in bills of exception and in the absence of a statement of facts. Smith v. State, 89 Tex. Crim. Rep. 225; Hinton v. State, 95 Tex. Crim. Rep. 3; Curry v. York, 3 Texas, 360; Perkins v. Terrell, 214 S. W. 553.

The judgment is affirmed.                              *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the motion for rehearing appellant combats the soundness of the conclusions stated in the original opinion. The motion, however, is void of citation of authorities or of reasons advanced for the position taken. Our examination of the record in the light of the motion leaves us of the opinion that on the original hearing appropriate disposition was made of the appeal.

The motion is overruled.

*Overruled.*