EUGENE WALKER v. THE STATE.

No. 13088.   Delivered November 14, 1929.
Rehearing denied January 15, 1930.
Second motion for rehearing denied February 5, 1930.
Reported in 23 S. W. (2d) 380.

480

The opinion states the case.

*J. S. Grisham* of Eastland, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for burglary, punishment being two years in the penitentiary.

No statement of facts accompanies the record. A bill of exception complains of the admission of an officer's testimony that there was found in rooms occupied by appellant and his wife certain property later identified by E. J. Robinson as having been stolen from his store about the date alleged in the indictment, the objection being that it had not been shown there was a valid search warrant nor affidavit authorizing the issuance of the warrant. The bill is confusing; it is difficult to determine therefrom the exact status of the matter. However, even if it presents error it is impossible for us to appraise the gravity of it in the absence of the facts. They might present a case not calling for reversal even if an error was committed regarding the matter camplained of. The bill of exception is not sufficiently comprehensive to negative such a condition.

Under the circumstances we must affirm the judgment and it is so ordered.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—"In the absence of a statement of facts, only fundamental errors will be revised. Every presumption will be in favor of the regularity of the conviction, the charge of the court, and of the sufficiency of the evidence."

The above quotation is from Branch's Ann. Tex. P. C., Sec. 602. It is based upon numerous decisions of this court which are collated therein. See Pilgrim v. State, 87 Tex. Cr. R. 6, Texas Jurisprudence, Vol. 4, Secs. 167 and 168. Exceptions to this rule are rare and grow out of the peculiar facts in given cases. See Denton v. State, 42 Tex. Cr. R. 427, and other cases collated by Mr. Branch in the section to which reference is made above.

It is the appellant's position in the present instance that his premises were searched by an officer who gave criminating testimony against the accused, obtained through a search, not shown to have been made under a valid search warrant supported by a sufficient affidavit. It is a rule of law often applied that the reception of improper evidence will not necessarily require or authorize a reversal of the conviction. See McWilliams v. State, 44 Tex. 116; Saddler v. State, 20 Tex. Cr. App. 195; Kelsey v. State, 4 S. W. (2d) 548; and precedents therein cited. See also Bonilla v. State, 2 S. W. (2d) 248; McLaughlin v. State, 4 S. W. (2d) 54; Upton v. State, 20 S. W. (2d) 794; Machado v. State, 17 S. W. (2d) 1060. Therefore, whether the reception of improper evidence in a given case will require a reversal ordinarily cannot be determined upon appeal in the absence of knowledge by statement of facts in the ordinary way or by such statement in the bill of exceptions as would make known to the court on appeal the substance of all the evidence that was before the trial court. In the present instance the bill of exceptions does not comply with the rule last above mentioned. It follows, therefore, that even though it be true that the result of the search was improperly proved, the presumption must be indulged that there was before the trial court proof which rendered the supposed error harmless.. We will state, however, as was intimated in the original opinion, that there is such conflict between the bill as prepared by the appellant and the explanation thereof made by the trial judge as makes it uncertain whether in receiving the evidence in question there was error committed or not.

The motion for rehearing is overruled.

*Overruled.*

ON APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR
REHEARING.

LATTIMORE, JUDGE.—The earnest application for leave to file a second motion for rehearing by appellant impresses us with the fact that we have failed to make clear our reasons for the affirmance of this case. The contention of appellant in his only bill of exceptions, that the trial court erred in admitting evidence of what the officers found upon their search of his room, was well founded, as far as this record shows, but said bill of exception sets out nothing more than that the State failed to produce, and introduce for the satisfaction of the trial court and the perfection of this record, the affidavit upon which a search warrant was issued,—the validity of which was brought in question by the objection made. Admitting the court's action in this regard to be erroneous, where are we under the unbroken line of decisions of this court holding that we should not and will not reverse and remand any case for an admitted error *unless the record before us* demonstrates that by reason of such error an injury was done the accused which contributed to some extent to his conviction; and that had such error not been committed, a different result would have been at least probable. Under the presumption arising in support of the correctness of the ruling of the trial court, and until and unless the opposite has been shown, there being here no statement of facts from which we could ascertain,—we would have to presume that other facts were before the court which rendered harmless the error complained of, such for instance as observation rendering needless a search warrant; observations through doors and windows of the appellant's room justifying the search; the testimony of the accused or other witnesses to the same facts as those obtained by such search,—none of which propositions are denied or shown by the bill of exception not to be true, in this record. Secs. 165–168 of Vol. 4, Texas Jurisprudence, cite authorities and correctly states the rule. See Maddox v. State, 108 Texas Crim. Rep. 90; Palms v. State, 90 Texas Crim. Rep. 260; Brown v. State, 219 S. W. Rep. 825; Wyatt v. State, 16 S. W. (2d) 231; Johnson v. State, 108 Texas Crim. Rep. 499.

This record being without statement of facts, and the only bill of exception in the record showing no facts further than that the State did not produce the affidavit for search warrant upon objection to testimony of what was found upon search under said warrant, the judgment of affirmance was beyond doubt correct, and the application will be denied.

*Application denied.*