CLARENCE SMITH v. THE STATE.

No. 13235.     Delivered April 9, 1930.
Reported in 27 S. W. (2d) 217.

The opinion states the case.

*Angus G. Wynne* of Kaufman, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being one year in the penitentiary.

The motion for new trial was overruled on August 2d, at which time notice of appeal was given, and the court entered an order granting appellant 80 days "after adjournment of court" in which to file statement of facts. The term of court did not adjourn until August 31st. The statement of facts was filed in the court below on November 1st, which was within 80 days from adjournment, but more than 90 days from the date notice of appeal was given. Our attention is directed to this by our state's attorney. Art. 760, Subdivision 5, C. C. P., provides that the time for filing statement of facts "shall not be so extended as to delay the filing thereof within ninety days from the date the notice of appeal is given." Under the provision of the statute quoted the statement of facts cannot be considered. Bailey v. State, 104 Tex. Cr. R. 150, 282 S. W. 804; Clark v. State, 105 Tex. Cr. R. 490, 288 S. W. 1075; Guerra v. State, 105 Tex. Cr. R. 410, 288 S. W. 1084; Courser v. State, 106 Tex. Cr. R. 146, 291 S. W. 236.

It might not be amiss to state that before observing the state's motion the statement of facts had been examined. The evidence is ample to support the conviction.

The judgment is affirmed.

*Affirmed.*