WHITE HILL v. THE STATE.

No. 15333. Delivered November 16, 1932.
Rehearing Denied January 11, 1933.
Reported in 55 S. W. (2d) 835.

434

The opinion states the case.

*Alexander Gullett,* of Denison, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, possessing intoxicating liquor for the purpose of sale; the punishment, 18 months in the penitentiary.

The state's attorney before this court moves to strike out the statement of facts because not approved by the trial judge. It is made to appear by a statement of the trial judge that the original statement of facts was prepared within the 90 days allowed by law and the original question and answer statement of facts was presented to him for his approval, and he approved the same and intended to sign it but due to some oversight on his part failed to sign it after it had been presented to him. A mere failure to sign the statement of facts by the trial judge after it had been presented to him and otherwise approved by him would not in itself be sufficient to deprive the appellant of a statement of facts. The statement of the trial judge, we

think, would be sufficient to meet the motion to strike out the statement of facts had it been filed in narrative form as required by statute, but this original statement of facts was in question and answer form. This case was tried in January, 1932, and the original statement of facts in question and answer form was filed in the trial court on April 2, 1932. Some confusion arose regarding the preparation of the statement of facts under the provision of Chapter 135, 42nd Legislature, Regular Session, p. 228, but that was cleared up by Chapter 34, First Called Session, 42nd Legislature, p. 75, making it plain that a statement of facts in criminal cases should be in narrative form. The act of the special session mentioned became effective August 17, 1931. See Strickel v. State, 120 Texas Crim. Rep., 465, 49 S. W. (2d) 797. The statement of facts in question was filed more than seven months after said act became effective and for that reason said statement of facts cannot be considered.

There appears in the record another statement of facts filed in the trial court on November 2, 1932, which appears to be in narrative form, signed and approved on November 2, 1932, by the parties and the trial judge. This statement of facts was filed some ten months from the date notice of appeal was given on February 4, 1932. Article 760, subdivision 5, C. C. P., provides that the time for filing a statement of facts and bills of exception "shall not be so extended as to delay the filing thereof within 90 days from the date notice of appeal is given." Smith v. State, 115 Texas Crim. Rep., 549, 27 S. W. (2d) 217, and authorities there cited. For the reason stated, the second statement of facts, although in narrative form, duly agreed to and approved, cannot be considered.

We are unable to say, in the absence of a statement of facts, that the matters complained of in the bills of exception were calculated to injure the appellant. In the absence of a statement of facts the presumption is in favor of the legality of the conviction. The presence of a statement of facts might reveal that the matters complained of were entirely harmless and the law, as we understand it, has laid upon us the duty of so presuming in the absence of a showing to the contrary in bills of exception and in the absence of a statement of facts. Smith v. State, 89 Texas Crim. Rep., 225, 230 S. W., 161; Hinton v. State, 95 Texas Crim. Rep., 3, 252 S. W., 525; Maddox v. State, 108 Texas Crim. Rep., 90, 299 S. W., 246.

We note that the verdict of the jury finding the appellant guilty assessed his punishment at eighteen months in the peni-

tentiary and the sentence fixed his punishment at confinement in the penitentiary for a straight term of eighteen months. The sentence will therefore be reformed so as to assess appellant's punishment at confinement in the penitentiary for an indeterminate period of not less than one year nor more than eighteen months, and, as so reformed, the judgment is affirmed.

*Reformed and affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.