## FRED TURMAN V. THE STATE.

No. 15833.   Delivered April 19, 1933.
Rehearing Denied May 24, 1933.
Reported in 60 S. W. (2d) 231.

The opinion states the case.

*Wm. Scanlan*, of Brownsville, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for theft of an automobile, punishment being seven years in the penitentiary.

The statement of facts is entirely in question and answer form.   We copy what was said in Strickel v. State, 49 S. W. (2d) 797, as appropriate here.

"The statement of facts is in question and answer form. We would be warranted in declining to consider it for that reason.   Some confusion arose regarding the preparation of statement of fact under the provisions of chapter 135, 42nd Leg. (Regular Session), page 228, but that was cleared up by chapter 34 (First Called Session) 42nd Leg., p. 75, Sec. 1 (Vernon's Ann. Civ. St., Art. 2237), making it plain that statement of fact in criminal cases should be in narrative form.   The act of the special session mentioned became effective August 17, 1931.   The present case was not tried until November, 1931, and the statement of facts was filed in the court below January 16, 1932.   We call attention to this matter so that other statements of fact reaching us may be in proper form."

The present case was tried in September, 1932; motion for new trial overruled October 8, 1932, and the statement of facts was filed in the trial court on January 5, 1933, more than a year and four months after the act of the special session of the

Legislature became effective. The statement of facts cannot be considered. Hill v. State, 55 S. W. (2d) 835.

The bills of exception appearing in the record cannot be appraised in the absence of the facts.

The judgment s affirmed.

*Affirmed.*