

# THE ATTORNEY GENERAL

## OF TEXAS

**Grover Sellers**

~~JOHN BEN SHEPPERD~~

ATTORNEY GENERAL

**AUSTIN 11, TEXAS**

Hon. L. D. Eakman
County Attorney
Montague County
Montague, Texas

Opinion No. O-7044
Re: Construction of Art. 802c, Penal
Code, as affected by holding in case
of Smith vs. State, 179 S.W.(2) 965.

Dear Sir:

We have received your recent request for an opinion on the following matter:

"Under Art. 802c any person while driving or operating an automobile or other vehicle while intoxicated shall through accident or mistake do another act which if voluntarily done would be a felony, shall receive the punishment affixed to the felony actually committed.

"Under the present law driving an automobile or other vehicle while intoxicated is a misdemeanor, and will appreciate your opinion as to the law as it applies to the following case.

"On the 19th of last month two persons were killed in a wreck in this county. In one of the cars was a man and his family and his wife and one child was killed. In the other car was one man who was drunk. I will appreciate your opinion whether or not this man who was drunk should be indicted under Art. 802c of the Penal Code or should he be indicted for negligent homicide.

"As I understand the case of Smith vs State, 179 S.W.(2d) 965, a person has to be convicted the second time of driving while intoxicated before he can be convicted of a felony under Art. 802c of the Penal Code."

The driving of an automobile upon a public highway by a person while intoxicated is a misdemeanor under Article 802, Penal Code, but becomes a felony under Article 802b, Penal Code, when such person has theretofore been convicted of such offense.

Article 802c, Penal Code, provides that a person while so driving an automobile upon a public highway while intoxicated who shall through accident or mistake do another act which if voluntarily done would be a felony, shall receive the punishment affixed to the felony actually committed.

Article 42, P.C., provides that one intending to commit a felony and who in the act of preparing for or executing the same shall through mistake or accident do another act which, if voluntarily done, would be a felony, shall receive the punishment affixed to the felony actually committed.

Article 1256, P.C., provides that whoever shall voluntarily kill any person within this State shall be guilty of murder, and murder shall be distinguished from every other species of homicide by the absence of circumstances which reduce the offense to negligent homicide or which excuse or justify the killing.

Articles 1230-1243, P.C., treat of the offense of homicide by negligence. Art. 1241, P.C., provides that when one in the execution of or in attempting to execute an act made a felony by law shall kill another, though without an apparent intention to kill, the offense does not come within the definition of negligent homicide.

Said Art. 802, P.C., before its amendment in 1941 was a felony statute, that is, any violation of its provisions was a felony. Since said amendment the first offense committed thereunder by a person is a misdemeanor and every subsequent violation thereof becomes a felony as to such person. Art. 802c, amending said Art. 802, obviously was enacted to apply the rule announced in Art. 42, supra, which applies to felonies generally, to the one specific misdemeanor offense, "drunk driving," as denounced by Art. 802. If the offense denounced by Art. 802 had remained a felony in all instances, there would have been no occasion for the enactment of Art. 802c, because Art. 42 would be applicable.

In the case of Smith v. State (Crim.App.) 179 S.W. (2) 965, mentioned by you, the following was said:

"The driving of an automobile upon a public highway by a person while intoxicated is a misdemeanor under Art. 802, P.C., but becomes a felony under Article 802b, P.C., when such person has theretofore been convicted of such offense. Consequently, in the absence of being charged with having theretofore been convicted of driving an automobile upon a public highway while intoxicated, he would not be guilty of a felony. Therefore, to bring the act of the appellant in the present case within the purview of Art. 802c, P.C., his act of intentionally driving an automobile, while intoxicated, through a barbed-wire fence must constitute a felony under the law. If it does not, he cannot be convicted of murder under the undisputed facts of this case. Therefore, unless he knew that the deceased was on the fender of the car and did, with a reckless disregard of the lives of others, drive the car through the fence, knowing that death would be the natural and probable consequences of his act, he would not be guilty of murder. *** Therefore, unless appellant knew that the deceased was on the rear fender of the car or had any reason to believe that he or some other person was in it, there could not have been an apparent danger of killing anyone.

" ***

" *** Had the appellant in the present case known that the deceased was on the rear fender of the car and with full knowledge thereof he had deliberately driven through the barbed-wire fence, an entirely different question would be presented. Had appellant, while under the influence of intoxicating liquor, driven the car upon said highway and, by accident or mistake, struck the deceased, whether he saw him or not but where he should have expected people to be, he would no doubt be guilty under Art. 802c, P.C." (Underscored for emphasis)

It is our opinion from a careful study of the ruling in the Smith case, that such case turned on the point of lack of knowledge of the defendant Smith that the death of someone would be the natural and probable consequence of his acts. We believe the portion of said opinion next hereinabove underscored for emphasis, adequately states the proper application of Art. 802c on a state of facts analogous to those stated in

your request. We do not believe it the purport of the opinion in the Smith case, supra, that a prior conviction of driving while intoxicated an automobile upon a public highway must be shown before a conviction may be had under said Article 802c, on a state of facts such as those submitted by you.

Therefore, it seems to us that you have the following offenses to consider in forming the proper criminal charge against the accused in question:

If the proof shows that the accused, whether intoxicated or not, while driving an automobile upon a public highway, struck and collided with another automobile thereby causing the death of a person or persons in such other automobile, said accused then and there driving said automobile in such a reckless and dangerous manner as to evidence a disregard of the lives of others so as to imply malice, such evidence will sustain a conviction of murder with malice under the general homicide law. See Cockrell vs. State, 117 S.W. (2) 1105.

If such proof fails to show such reckless disregard of the lives of others as to constitute murder with malice, but does show that such act was done by accident or mistake as a result of the intoxication of accused, while accused was driving an automobile on a public highway, such evidence will sustain a conviction of murder without malice under Art. 802c, P.C.

If said accused was not in the execution of or attempting to execute an act made a felony by law when he performed the act in question, he may be convicted of negligent homicide. In this connection we point out that the count in the indic tment charging murder will support a conviction for negligent homicide, if proper instructions are given. See Guerra v. State, 288 S.W. 1084.

A safe practice in drawing an indictment in any case is, if there is any doubt as to which of several charges the proof will substantiate, that as many of such charges as are applicable and necessary be placed in the indictment, each in a separate count, in order that the one properly fitting the proof may be chosen by the court or the jury. It is our suggestion in the case in question that two counts be placed in the indictment, one for murder with malice as in the Cockrell case, supra, and one under said Art. 802c, as in Fox v. State, 165 S.W. (2) 733.

It is to be understood that we are merely applying the law generally to a general state of facts, and in no event is it to be construed that we are attempting to direct the course of the prosecution herein, as that is the duty of the proper authorities who are in position to know what facts will be adduced on the trial of the case.

In support hereof we are herewith enclosing a copy of our Opinion No. O-3845 which gives the text of most of the statutes in question, together with quotations from pertinent authorities.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Robert L. Lattimore, Jr.
Robert L. Lattimore, Jr.
Assistant

APPROVED JAN 29, 1946

/s/ Ocie Speer
(Acting) ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

RLL:zd:wb