### CARL CALLOWAY v. THE STATE.

No. 11207.   Delivered November 30, 1927.

Rehearing denied January 28, 1928.

#### 1.—Theft—Bill of Exception—Requisites Of—Rule Stated.

A bill of exception which complains that testimony admitted was a conclusion of the witness and was prejudicial, is not sufficient. A bill of exception should be made so full and certain in its statements as that, in itself, it will disclose all that is necessary to manifest the supposed error. See Branch's Ann. P. C., Sec. 207, page 131; Buchanan v. State, 298 S. W. 569.

#### 2.—Same—Bill of Exception—Incomplete—No Error Shown.

Where appellant on cross-examination admitted that he had been accused of the theft of some saddles in the city of Wichita Falls, and complains that he was not permitted to explain the transaction, and his bill does not show that any question was propounded to him asking an explanation, such bill was incomplete and presents no error.

#### ON REHEARING.

#### 3.—Same—Continued

This court will not predicate a holding of error upon a bill of exception that does not bring before us the question which the court refused to permit to be asked, and the answer the court refused to admit.

#### 4.—Same—Evidence—Answer of Witness—When Not Responsive—Rule Stated.

Where the answer of a witness is not responsive to the question propounded, the court should be requested to direct the jury not to consider same, because not responsive to the question. Failing to do so, appellant will not be heard to complain of such testimony.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. George E. Hosey, Judge.

Appeal from a conviction for theft, penalty four years in the penitentiary.

The opinion states the case.

*Frank A. Ogilvie* of Fort Worth, for appellant.

*A. A. Dawson*, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is theft of property over the value of fifty dollars, the punishment confinement in the penitentiary for four years.

The state's testimony shows that a Chevrolet touring car, belonging to A. McDowell, was stolen in the city of Fort Worth between eleven and twelve o'clock on the morning of the 31st of January, 1927; that appellant was seen in possession of a Chevrolet touring car about noon driving on a road near Lake Worth School, and that one Luttrell was a short distance behind him in a Ford touring car, the license number of which was 755-034; that several persons saw appellant driving the Chevrolet touring car and saw Luttrell traveling a short distance behind him; that about thirty minutes after the noon hour appellant and Luttrell were seen passing the Lake Worth School in the Ford touring car with some automobile tires in the back end of the car; that the stolen car was found near the Lake Worth schoolhouse and in the vicinity where appellant and Luttrell had been seen driving; that it had been stripped of its tires, rims, battery, curtains and tools; that one witness secured the number of the Ford touring car, which he gave to the officers, and that using the number given them by the witness the officers apprehended appellant.

Bill of exception No. 3 does not contain a sufficient statement of the facts involved to enable this court to determine the question of error. It was encumbent on appellant to manifest by his bill that prejudicial error resulted from the action of the court in admitting the testimony complained of. A recital of facts which merely shows that the question may have called for and the answer was a conclusion of the witness is not sufficient to manifest prejudicial error. That the answer of the witness was improper and harmful to appellant is not disclosed by the bill. A bill of exception should be made so full and certain in its statements as that, in and of itself, it will disclose all that is necessary to manifest the supposed error. Branch's Annotated Penal Code, Sec. 207, p. 131; Buchanan v. State, 298 S. W. 569.

In view of the affidavit of appellant's counsel we have concluded to consider the bill of exception which the record shows to have been the subject of controversy. An inspection of said bill of exception shows that counsel for the state had asked appellant concerning the theft by him of $825 worth of saddles

in the city of Wichita Falls. On redirect examination appellant was asked by his counsel to "tell the jury whether or not he has arrested you every time he has seen you." Appellant answered "Yes, sir." Whereupon, counsel for the state objected to any further similar testimony for the reason that it would be irrelevant and immaterial, and the court sustained the objection. Appellant contends that he was precluded from explaining the transaction in Wichita Falls wherein he was accused of having committed the offense of theft. The bill of exception shows that appellant would have testified to exculpatory facts in so far as the charge of theft in Wichita Falls was concerned. We are unable to agree with appellant that it is shown by said bill of exception that the court deprived him of the right to explain his connection with the Wichita Falls transaction. It is shown by the bill that the court merely refused to permit appellant over the objection of the state to testify further to the action presumably of officers in arresting him, appellant, every time they saw him. It is apparent that no question was propounded to appellant to which the answer he states he would have made could have been responsive. We must, therefore, overrule appellant's contention.

The record contains other bills of exception which we have not undertaken to discuss. An examination of such bills discloses that no reversible error is manifested.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Complaint of our disposition of two of the contentions of appellant is made in the motion. Both these have received our careful attention. We are still unable to believe error appears in either matter of gravity sufficient to call for a reversal. Appellant while a witness in his own behalf admitted that he was charged with an offense in Wichita County, Texas. On redirect examination his counsel asked him the question, as same appears set out in the bill of exceptions, "Tell the jury whether or not he has arrested you every time he has seen you? A. Yes, sir." At this point there was an objection made by the state, as appears from the bill, "to any further testimony like that." The court sustained the state's

objection, and the bill recites that appellant's counsel asked that his exception be noted. A careful examination makes evident that this bill does not set out what other questions relative to the matter referred to appellant expected to ask, nor what answers he expected to be given. Manifestly in the absence of such showing the bill is insufficient. This court could not predicate a holding of error upon a bill of exceptions that did not bring before us the question which the court refused to permit to be asked, and the answer the court refused to admit.

The other point now renewed is complaint of the reception of testimony from defense witness Grace, as follows: "I believe the boy—I think his eyesight is keen enough to distinguish as large things as automobile tires." This answer of the witness was given in response to a question on cross-examination by state's counsel wherein he sought to have the witness say whether he would undertake to state that Winburn Griggs, a state witness, could not look through a window pane in the school house and see automobile tires in a Ford car passing over the road by the school house. The question was objected to as calling for a conclusion and as being prejudicial, inflammatory and calculated to injure the rights of the appellant. We do not believe such objection well taken. The answer made by the witness does not appear to be responsive to the question asked, but there was no objection made to the answer given, and no request that the court instruct the jury not to consider same on the ground that it was not responsive. In such condition of the record we do not think appellant in any position to complain.

The motion for rehearing will be overruled.

*Overruled.*