W. H. JENES v. THE STATE.

No. 16994.   Delivered November 7, 1934.
Rehearing Denied January 9, 1935.
Reported in 77 S. W. (2d) 681.

The opinion states the case.

*Chas. Owen* and *Harold L. Sims,* both of El Paso, for appellant.

*Roy Jackson,* Dist Atty., of El Paso, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for ten years.

It was charged in the indictment in substance that appellant, with malice aforethought, killed S. H. Wheeler by shooting him with a gun.

According to the version of the State, appellant had become intoxicated on the morning of the homicide. Entering a place where beer was dispensed, he engaged with several men in a friendly scuffle. Eventually, appellant became angry, and, leaving the place, secured a pistol. Returning to the scene of the difficulty, he threatened to injure those who had remained. Deceased, who was a county highway patrolman and deputy sheriff, was called. He entered the building, and, accosting appellant, asked him if he was the man who had a pistol. With an oath appellant answered in the affirmative, and, seizing his pistol, shot deceased to death. Deceased was dressed in the regulation uniform of the service.

Testifying in his own behalf, appellant stated that he had no recollection of having shot deceased. Several witnesses for appellant gave testimony indicating that he was temporarily insane at the time he fired the fatal shot.

Witnesses for the State testified that in their opinion appellant was sane when he killed deceased.

Bill of exception No. 4 presents the following occurrence: John Moore testified, in response to question by the district attorney, that deceased was a highway police patrol officer and was wearing the regulation uniform of the service at the time appellant shot him. The witness described the uniform. At this juncture the district attorney called an officer who was serving in the same capacity as deceased had served and who was wearing the regulation uniform. This officer stood in the presence of the jury while the witness Moore was asked by the district attorney if he (the officer) was dressed in the same kind of uniform deceased had worn. The witness answered in the affirmative. Appellant objected to the procedure mentioned on the ground that the appearance of the officer in his uniform tended to solve no issue in the case and was calculated to inflame the minds of the jury. The recital in the bill that the demonstration tended to solve no issue in the case constitutes a mere statement of a ground of objection. The statement of such objection is not a certificate of the judge that the facts which formed the basis of the objection were true; it merely showed that such an objection was made. Under such circumstances the matter might be disposed of on the ground that the

bill of exception is insufficient. Branch's Annotated Penal Code, sec. 209; Buchanan v. State, 298 S. W., 569. In any event, if the bill of exception should be appraised in the light of the statement of facts, it is observed that, prior to the approach of deceased, appellant had engaged in a difficulty with other men at the scene of the homicide. The evident purpose of the State in exhibiting the uniform of the highway patrolman was to impress the jury with the view that appellant could not have entertained the belief at the time he fired the fatal shot that he was being accosted by one of the parties with whom he had engaged in a difficulty. This proof was made by the State in the development of its case in chief. We think it served a legitimate purpose. See Long v. State, 88 S. W., 203.

Bill of exception No. 5 recites that in his closing argument the district attorney used language as follows: "I have a great deal of sympathy for a defendant or his attorney who comes before a court and says he is now insane, and ought to be sent to an insane asylum, but not in this case * * *." The court sustained appellant's objection to the argument, and instructed the jury to disregard the remarks of the district attorney. We are unable to discern the vice in the argument. In any event, we think the instruction to the jury would render the matter harmless.

In bill of exception No. 6 it is shown that in his closing argument the district attorney used language as follows: "The defendant comes now and says: 'I am well now, don't send me to an asylum, turn me loose upon society and back to the community from which I come without reprimand.'" Appellant's objection to the foregoing remarks was overruled. It is contended that the bill reflects reversible error. The appellant primarily relies upon the case of Rogers v. State, 13 S. W. (2d) 117. The Rogers Case discloses an extended argument constituting a strong appeal to the jury to convict the accused even if they believed her to be insane. We find nothing in the remarks in the present case which were calculated to lead the jury to believe that the district attorney was pleading for a conviction notwithstanding the appellant might have been insane at the time he fired the fatal shot. We are constrained to overrule the contention that the bill reflects reversible error.

Article 36, P. C., reads as follows: "Neither intoxication nor temporary insanity of mind produced by the voluntary recent use of ardent spirits shall constitute any excuse for the commission of crime. Evidence of temporary insanity produced by such use of ardent spirits may be introduced by the

defendant in mitigation of the penalty attached to the offense for which he is being tried. When temporary insanity is relied upon as a defense and the evidence tends to show that such insanity was brought about by the immoderate use of intoxicating liquor, the judge shall charge the jury in accordance with the provisions of this article."

After charging the foregoing statute the court instructed the jury that if they believed that appellant was temporarily insane from the voluntary and recent use of ardent spirits they might take such fact into consideration in mitigation of the penalty. Appellant objected to this instruction because it failed to include the word "immoderate." The proof on the part of the State was to the effect that appellant was drunk from the recent use of ardent spirits. Appellant's version was that he had not become intoxicated but was temporarily insane as a result of advancing age and worry. If the omission of the word in question was error,—and this is not conceded,—we think, under the provisions of article 666, C. C. P., the matter would not justify a reversal. Under the terms of the article mentioned this court is not warranted in reversing the judgment unless the error appearing in the charge was calculated to injure the rights of the accused, or unless it appears from the record that he has not had a fair and impartial trial. Considering the charge in the light of the entire record, the omission is deemed harmless.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the motion for rehearing reliance is had upon the same matters that were discussed in the original opinion.

Touching Bill of Exception No. 4, we do not regard the circumstance that the highway patrolmen wore uniforms similar to that worn by the deceased at the time he was killed as a matter that would authorize a reversal of the conviction. That is to say, if it be granted that the bill of exception was not informal, the circumstance is not regarded of such importance as to annul the conviction. However, as stated above, the bill is informal.

Touching Bill No. 5, criticizing the remarks of counsel set out in the original opinion, we note that the appellant became a witness in his own behalf and detailed the circumstances upon which reliance was had to support his plea of insanity. His testimony covers a number of pages of the statement of facts, thus affording the jury an opportunity to judge his mental condition in pursuing their duty to weigh his testimony. Appellant testified that he was not acquainted with the deceased during his lifetime; that he only knew that the deceased was a "cop" or what was called a "speed cop"; that he had never had any trouble with the deceased or any of the "speed cops"; that he had no ill feeling towards the deceased or any other man; that he knew of no enemies in the world. Appellant said that he had taken but one drink; that he did not feel any particular effects from it; that such an amount of liquor only revived him to a small extent.

The court instructed the jury upon the law of insanity as a defense and also upon the law of temporary insanity due to the recent voluntary use of intoxicating liquor.

The verdict adjudged appellant guilty of murder with malice aforethought, and assessed a penalty of confinement in the penitentiary for ten years. The judgment is in accord with the provisions of the Indeterminate Sentence Law. It is written so as to order the appellant to confinement in the penitentiary for a period of not less than two nor more than ten years. Under the law the jury had the privilege of assessing the penalty at death or confinement in the penitentiary for any number of years not less than two. Considering the verdict rendered in the light of the evidence, it appears quite possible that the jury in assessing the penalty may have taken into account the testimony introduced upon behalf of the appellant upon which they were told in the charge of the court that they might consider the evidence introduced intending to reduce the penalty upon the theory of temporary insanity produced by the recent use of intoxicating liquor.

Upon our re-examination of the record, we are impressed with the view that nothing occurred during the progress of the trial, as exhibited by the record before us, which would authorize this court to annul the verdict.

The motion for rehearing is overruled.

*Overruled.*

HAWKINS, J., absent.