## W. M. FOSTER V. THE STATE.

No. 9948. Delivered April 14, 1926.

1.—Possessing Intoxicating Liquor—Evidence—Motion to Suppress— Properly Overruled.

Where, on a trial for possessing intoxicating liquor for the purpose of sale, appellant filed a motion to suppress the testimony as to what was found in his residence, because the search was unlawful, such motion was properly overruled. Such practice is unknown in our procedure.

2.—Same—Search and Seizure—Affidavit Insufficient—Statute Construed.

Where an affidavit for a warrant to search a residence is not sworn to by two credible persons, and does not show that such residence is a place where intoxicating liquor is sold or manufactured in violation of the law, nor that such private residence was used for other purposes than as a private residence, under the Acts of the Second Called Session of the 36th Legislature, p. 238, such affidavit is insufficient, and evidence secured by such search was not admissible against appellant.

Appeal from the District Court of Henderson County. Tried below before the Hon. Ben. F. Dent, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Henderson County of possessing intoxicating liquor for purposes of sale, punishment one year in the penitentiary.

Officers with a search warrant searched appellant's private dwelling occupied by him and his family as a residence and

found abundant evidence of possession of a quantity of intoxicating liquor, etc. Appellant filed a motion to suppress the testimony of what was found by the officers, before same was offered. The court properly overruled the motion. Such practice is unknown in our procedure. Appellant also objected to the introduction of the testimony of the officers as to what they found in his house, ·when same was offered on the trial, and by proper bill of exceptions complains of the court's action in admitting said testimony. The Revised Criminal Statutes of 1925 were not in effect at the time of this trial, but in the Acts of the Second Called Session of the 36th Legislature, p. 238, appears the statement that no affidavit for search warrant to search a private dwelling occupied as a private residence shall be issued for the purposes mentioned in said act unless some part of such dwelling be occupied as a store, shop, hotel, boarding house, or for some purpose other than a private residence, or unless the affidavits of two credible persons show that such residence is a place where intoxicating liquor is sold or manufactured in violation of the terms "of this act." The affidavit on which the search warrant was based in the instant case revealed that it was sworn to by only one person, and nothing in the affidavit showed that said private dwelling was used for any other purpose than as a private residence. The search was on July 23, 1925. The statute rejecting evidence obtained by any officer by illegal search, went into effect June 19, 1925. Giving application to said statute, under the above facts, it seems obvious that the learned trial judge fell into error in admitting the testimony, for which error the judgment must be reversed. We deem it unnecessary to discuss any of the other matters complained of.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*