## BUCHANAN v. STATE. (No. 10928.)

Court of Criminal Appeals of Texas. Oct. 5, 1927.

1. Jury ⟐59(1)—Jury commission was not disqualified because two of members lived in same town (Code Cr. Proc. 1925, art. 333).

Jury commission was not disqualified to select members of jury because two of its members lived in the same town; Code Cr. Proc. 1925, art. 333, requiring jury commissioners to be residents of different portions of county, not being violated.

2. Intoxicating liquors ⟐249—Motion to quash affidavit for search warrant and warrant held not proper procedure.

Overruling motion to quash affidavit for search warrant and also warrant itself, on ground that they did not comply with law, was not error, since procedure was improper.

3. Criminal law ⟐1091(2)—Bill of exception must be so full and certain in itself as to manifest the supposed error.

It is necessary for bill of exception to be so full and certain in its statements that in and of itself it discloses all that is necessary to manifest the supposed error.

4. Criminal law ⟐1091(10)—Bill of exception merely stating ground on which objection was based does not certify that facts forming basis of objection are true.

Where a bill of exception merely states the ground on which objection was based, it does not amount to a certificate of the judge that the facts on which the objection was based are true, but it merely shows that the objection was made.

5. Criminal law ⟐1144(12)—Ruling admitting testimony must be presumed correct, where bill of exceptions is insufficient to show error.

Appellate court is bound to assume that trial court acted rightly in permitting introduction of testimony, where bill of exceptions complaining of admission thereof is insufficient to enable court to determine whether it was error.

6. Witnesses ⟐277(4)—Defendant, taking witness stand to testify on application for suspended sentence, might be required to testify on cross-examination as to matters not covered by examination in chief.

That defendant in criminal case took witness stand for sole purpose of testifying on application for suspended sentence did not preclude court from requiring him to testify on cross-examination as to matters not covered by the examination in chief, since defendant who takes witness stand is subject to same rules as any other witness.

7. Intoxicating liquors ⟐236(5)—Direct evidence of possession of 2½ gallons of whisky was prima facie evidence of possession for sale (Pen. Code 1925, art. 671).

Direct evidence that defendant, charged with possessing intoxicating liquor for the purpose of sale, had possession of 2½ gallons of whisky, *held* prima facie evidence that he possessed the liquor for the purpose of sale, in view of Pen. Code 1925, art. 671, providing that unlawful possession of more than one quart of intoxicating liquor shall be prima facie evidence of possession for purpose of sale.

8. Criminal law ⟐814(17)—Charge on circumstantial evidence in prosecution for possessing liquor for sale held not required by evidence.

In prosecution for possession of intoxicating liquor for the purpose of sale, evidence *held* not to require instruction on circumstantial evidence; there being direct evidence of possession and prima facie evidence of possession for purpose of sale.

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**9. Intoxicating liquors ⬅️238(4)—Guilt of possessing intoxicating liquor for sale held for jury.**

In prosecution for possession of intoxicating liquor for purpose of sale, evidence of guilt *held* sufficient to warrant submission to jury.

**10. Criminal law ⬅️763, 764(6), 811(2)—Intoxicating liquors ⬅️239(4)—Instruction on necessity of proving that defendant, charged with possessing liquor for sale, knew that liquor was in automobile, held properly refused as singling out testimony improperly framed and on weight of evidence.**

Instruction that defendant, charged with possessing intoxicating liquor for sale, testified that he did not know that liquor was in his automobile, and that, unless state had shown that statements so made were untrue, jury should acquit him, *held* properly refused as singling out testimony of defendant, as improperly framed, and as based on weight of evidence.

**11. Criminal law ⬅️694—Request for instruction not to consider testimony respecting alleged illegal search was not proper way of raising question.**

Refusing to instruct jury not to consider testimony touching results of search of defendant's automobile, based on theory that testimony was inadmissible because search was made under illegal warrant, *held* not error; this not being proper way to raise question.

**12. Criminal law ⬅️364(1)—Defendant's statements, made fifteen or twenty minutes after officer got in automobile with him to drive to courthouse for warrant for its search and two or three minutes before whisky was found, held res gestæ.**

Statements of defendant charged with possessing intoxicating liquor for sale, made fifteen or twenty minutes after officer got in his automobile with him to drive to courthouse to secure warrant for its search and before search was made and two or three minutes before officers found whisky in car, *held* admissible as part of res gestæ.

**13. Criminal law ⬅️1171(3)—District attorney's argument that he had enough evidence to indict defendant for perjury, if improper, held harmless, where defendant received lowest penalty, and evidence amply sustained conviction.**

Portion of argument of district attorney, stating that he had enough evidence to indict defendant for perjury, that two witnesses had testified against defendant, and that it took only two witnesses to convict for perjury, if improper, *held* harmless, where defendant received lowest penalty, and evidence was amply sufficient to sustain conviction.

Commissioners' Decision.

Appeal from District Court, Carson County; W. R. Ewing, Judge.

Clarence Buchanan was convicted of possessing intoxicating liquor for the purpose of sale, and he appeals. Affirmed.

James Spiller and Frank R. Murray, both of Panhandle, for appellant.

Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

CHRISTIAN, J. The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

[1] By bill of exception No. 1, appellant complains of the action of the trial court in overruling his motion to quash the jury panel. Appellant asserts that two of the jury commissioners lived in the town of Panhandle, and further that the sheriff selected the jury commissioners and that his selection was adopted by the judge. The court heard evidence on the motion. It was shown by the testimony that one of the jury commissioners lived on Third street in the town of Panhandle, about two blocks south and four blocks east of the courthouse, that another commissioner lived in the town of Panhandle, three blocks north and one block west of the courthouse, and that the third commissioner lived in the town of White Deer, in Carson county. The testimony of the sheriff is uncontradicted to the effect that the district judge selected the three jury commissioners and ordered him to summon them. The one question therefore presented by the bill is: "Was the jury commission disqualified because two of its members lived in the town of Panhandle?" Article 333, C. C. P., requires that the jury commissioners be residents of different portions of the county. No arbitrary disregard of this statute is disclosed by the bill. While two of the commissioners lived in different parts of the town of Panhandle, the third commissioner came from the town of White Deer. In the case of Williams v. State, 45 Tex. Cr. R. 218, 75 S. W. 859, this court sustained the action of the trial court in overruling a motion to quash the jury panel on the ground that the jury commissioners who selected the jury all resided in the city of Houston. The court said:

"The mere fact that the jury commissioners all reside within the city of Houston, which contains two-thirds of the qualified voters of the county, would not render them disqualified to act as jury commissioners, having other qualifications. The statute does not say how far the commissioners shall live from each other, but merely that they shall reside in different portions of the county."

Following the case of Williams v. State, supra, we are constrained to sustain the action of the trial court in overruling appellant's motion.

[2] By bill of exception No. 2, appellant complains of the action of the trial court in overruling his motion to quash the affidavit and search warrant under which the search was made, on the ground that these instruments did not comply with the law for vari-

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ous reasons recited in the motion. The court properly overruled the motion. This procedure is not sanctioned by the rule prevailing in this state. Foster v. State, 104 Tex. Cr. R. 121, 282 S. W. 600; Raymond v. State, 106 Tex. Cr. R. 147, 291 S. W. 251.

[3] By bill of exception No. 3, appellant asserts that the court committed error in permitting Allen Johnson, deputy sheriff, to testify concerning the result of the search of appellant's car. The objection to the testimony was based on the ground that the affidavit was made upon information and belief, that it stated no facts showing probable cause, and that it failed to describe the car with accuracy. The affidavit and search warrant were not set out in the bill, nor is the substance of either instrument given. The legal presumption is that the ruling of the trial court was correct, unless the bill of exceptions shows otherwise. See Branch's Annotated Penal Code, § 207, p. 132. The bill under consideration does not comply with the rule that a bill of exception should be made so full and certain in its statements as that, in and of itself, it will disclose all that is necessary to manifest the supposed error. Branch's Annotated Penal Code, § 207, p. 131.

[4, 5] Bill of exception No. 4 preserves an objection to the testimony of the officer that appellant told him at the time he searched the car that he had the whisky. As shown by the bill, appellant's objection was based on the ground that he was under arrest and that the testimony was an attempt to offer in evidence his declarations without complying with the statute governing confessions, and, further, that the testimony could not be considered a part of the res gestæ, since the evidence showed that the declarations were made some twenty or thirty minutes after appellant was taken into custody. No evidence is incorporated in the bill that would verify the truth of appellant's objections. The statement contained in the bill, that the testimony could not be considered as a part of the res gestæ because it happened twenty or twenty-five minutes after appellant was arrested, constitutes a mere statement of a ground of objection. A mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. See Branch's Annotated Penal Code, § 209, p. 134; Edelen v. State, 103 Tex. Cr. R. 562, 281 S. W. 1078. The bill not being sufficient to enable us to determine whether the trial court committed error in admitting the testimony, we must presume that the court's ruling was correct.

By bill of exception No. 5, appellant complains of the action of the trial court in admitting the testimony of the officer touching declarations made to him by appellant. This bill is in the same attitude as bill No. 4, and we must presume that the ruling of the court was correct.

[6] Appellant asserts by bill of exception No. 6 that he took the witness stand for the sole purpose of giving testimony on his application for a suspended sentence, and assigned as error the action of the court in requiring him under cross-examination by the district attorney to testify to matters not covered by the examination in chief. The court's ruling was correct. The rule at common law, which confines the cross-examination of a witness to questions propounded on examination in chief, does not obtain in Texas. Branch's Annotated Penal Code, § 147, p. 84, and authorities cited. When the defendant takes the witness stand, he is subject to the same rules as any other witness. Branch's Annotated Penal Code, § 147, p. 83, and authorities cited.

It is unnecessary to discuss bill of exception No. 7, further than to say that our discussion of bill No. 4 is applicable to this bill.

[7, 8] Bill of exception No. 8 preserves appellant's objections to the court's charge. Numerous objections are shown in the bill, but we deem it unnecessary to consider but one; that is, the failure of the court to instruct the jury on the law of circumstantial evidence. The facts are these: Officers were making a search of a negro's house in the town of Panhandle about 10:30 o'clock at night when appellant drove up in his car and stopped beside the house near a door. One of the officers ran to the car; whereupon appellant started the car, and the officer jumped on the running board and ordered him to stop, which he did. The officer asked appellant what he had in the car, and appellant replied by asking the officer if he had a search warrant and stated to the officer that it would take a search warrant to see what was in the car. One of the officers then got into the car with appellant and drove to the courthouse, while the other officer followed them. A search warrant was secured. Two or three minutes before the car was searched appellant asked one of the officers how much he wanted, and the officer replied that he wanted all that he had; whereupon appellant said, "Two gallons and a half of whisky." Immediately after this statement was made, the officers searched the car of appellant and found two and one-half gallons of whisky underneath the seat in the back of the car. The whisky was in half-gallon fruit jars. The back cushion of the car was arranged so that it could be pulled out and the whisky secured without the necessity of going back of the car.

The evidence is direct that appellant was in possession of two and one-half gallons of whisky. This was prima facie evidence that appellant possessed the liquor for the purpose of sale. See article 671, P. C.; Terry v. State, 101 Tex. Cr. R. 267, 275 S. W. 837. A charge on circumstantial evidence was therefore not required.

[9] Bill of exception No. 9 complains of the refusal of the court to instruct a verdict of

not guilty. The evidence is sufficient to sustain the judgment of conviction, and the trial court properly refused to give this peremptory instruction.

[10] Bill of exception No. 10 complains of the refusal of the court to give appellant's requested charge, which reads as follows:

"In this case the defendant stands charged with transporting and possessing intoxicating liquor, and he testifies that he did not know that said liquor was in his car at the time he was arrested; you are charged that, unless the state has shown beyond a reasonable doubt that the statements so made were untrue, you will acquit the defendant and return a verdict of not guilty."

The court properly refused to give this charge, for the reason that it singles out the testimony of appellant, is improperly framed, and is on the weight of the evidence.

[11] Bill of exception No. 11 complains of the refusal of the court to give appellant's special charge, which, in substance, embodies an instruction to the jury not to consider the testimony touching the results of the search of appellant's car. The bill manifests no error. The requested instruction was evidently sought on the theory that the testimony was inadmissible as touching the results of a search made under an illegal search warrant. It was within the province of the court, on a preliminary hearing, to determine the admissibility of this evidence. If, after the hearing, the court was of the opinion that the evidence was admissible, a bill of exception embracing the facts on the preliminary hearing was the proper method of manifesting the alleged error to the reviewing court. See Bingham v. State, 97 Tex. Cr. R. 594, 262 S. W. 747.

[12] Bill of exception No. 12 asserts that the court committed error in refusing to instruct the jury, as requested by appellant, not to consider for any purpose whatever the testimony of the witnesses as to the statements made by appellant with reference to the alleged whisky found in appellant's car and the relation of appellant thereto. We are unable to agree with appellant that this instruction should have been given. The record discloses that the statements were made by appellant fifteen or twenty minutes after the officer got in the car with him to drive to the courthouse and before the search was made. Two or three minutes after the declaration was made to the officers they found two and one-half gallons of whisky in appellant's car. In our opinion the declarations are shown by the record to be a part of the res gestæ.

[13] Bill of exception No. 13 shows that in his argument to the jury the district attorney said, in referring to appellant:

"I have enough evidence to indict this man for perjury. O. L. Thorp and Allen Johnson both testified against this man, and it only takes two witnesses to convict for perjury."

The bill shows that the court instructed the jury not to consider the statement of the district attorney that he had enough evidence to indict appellant for perjury, but is silent as to whether such instruction was given relative to the remainder of the statement. The bill fails to disclose that the argument was not a legitimate deduction from the facts in evidence. Moreover, in view of the fact that appellant received the lowest penalty and that the evidence is amply sufficient to sustain a conviction, we are of the opinion that the argument, if improper, presents no reversible error.

Finding no error, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.