POLK HUBERT v. THE STATE.

No. 13366. Delivered May 21, 1930.
Reported in 28 S. W. (2d) 553.

The opinion states the case.

*Johnson & Peden* of Houston, for appellant.

392

*O'Brien Stevens,* Criminal District Attorney and *E. T. Branch,* both of Houston, and *A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Appellant and J. L. Thompson were jointly indicted but the prosecution was dismissed as to Thompson; appellant was convicted for manufacturing intoxicating liquor and his punishment fixed at one year in the penitentiary.

Officers went to a place on Frazier Street in the city of Houston and while there got information which caused them to procure a search warrant under which they searched houses numbers 1907 and 1909. It was the state's contention that appellant was found at number 1909, that he claimed it as his house and told the officers that the woman there was his housekeeper.

Bill of exception number one presents objection to "the introduction of the search warrant, the officers' return thereon and the testimony of the witnesses as to what was found under said search," the ground of objection being that "(1) the same was unlawfully obtained, and (2), that the search of the defendant's premises was unlawful, (3), and that a search of the same had in reality been made before the search warrant was obtained."

The search warrant and return thereon were not introduced in evidence before the jury but were only submitted to the court for his inspection. This was not error. The court would have been in no position to have ruled on the objections without an inspection of the search warrant and affidavit therefor. Sanchez v. State, 26 S. W. (2d) 267.

When the objection was interposed the jury was withdrawn and the court heard evidence regarding the matter which is set out in the bill, which the court approves with the following qualification.

"The search warrant and the affidavit for the search warrant were not offered in evidence before the jury at all; in the absence of the jury, the affidavit and search warrant were presented to the court, and after examining the same and hearing evidence the court was of the opinion that they were sufficient, and furthermore there is nothing in this bill to show that the statements herein of the officers was all the information they had, as the search warrant and affidavit stated facts in compliance with the law in such cases, and this court declines to certify that it was an improper search or that any prejudicial error was committed in the opinion of the court, and furthermore the defendant, Polk Hubert, testified in the case that he made

the beer in question in said premises, and the jury convicted the defendant for the manufacture of intoxicating liquor and sentenced him to one year in the penitentiary."

This qualification was accepted without objection. Neither the search warrant nor affidavit therefor are set out in the bill, nor does it purport to state their substance. Under those circumstances the finding of the court is conclusive as to their sufficiency. We find nothing in the bill which supports the objection that appellant's house had been searched before the warrant was obtained. Appellant's own evidence as found in the statement of facts is to the contrary.

During the trial it became a disputed issue whether the number of appellant's house was 1909 or 1913. Bill of exception number two brings forward a complaint because the state introduced a city directory for 1928, in which appellant's residence was listed as 1909, the objection being that it was hearsay. The court qualified the bill with the statement that at one time during the trial the controversy about the house number was apparently an important issue, but that in his testimony appellant admitted that the things were in his house which the officers claimed to have found there, and that he made the beer in said house. If there was an error regarding the city directory it was not one calling for reversal under the circumstances. Nichols v. State, 91 Tex. Cr. R. 277, 238 S. W. 232; Sifuentes v. State, 5 S. W. (2d) 144; Grogan v. State, 24 S. W. (2d) 1096.

It is unnecessary to set out the evidence. It is sufficient to support the verdict.

The judgment is affirmed.

*Affirmed.*