ED TRAYLOR v. THE STATE.

No. 13451.   Delivered December 10, 1930.
Rehearing Denied March 25, 1931.

324

The opinion states the case.

*Sturgeon & Sturgeon,* of Paris, and *S. F. Leslie,* of Bonham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

When appellant's motion for new trial was overruled the court noted in his order that the "statutory time" for filing bills of exception and statement of facts would be given. The statutory time for filing bills of exception is thirty days after the adjournment of the trial term. The trial term of the court below adjourned December 7th. All the bills of exception in this case were filed February 24th. Same were manifestly filed too late for consideration.

Officers searched appellant's filling station and found five gallons of whisky and five gallons of beer inside the building and under the floor, there being a hole in the floor just over where the liquor was secreted. The floor was covered with linoleum. Appellant's wife testified that she was sickly, and that the whisky was had by her for her own use as medicine. The State in rebuttal introduced a witness who testified that on the occasion of the search and after the liquor was found, appellant's wife said it was not hers. The State also introduced the father of appellant's wife who testified that for a year or more appellant's wife had been staying at the home of witness much of the time, and had been staying there for quite a while at the time the officers found the liquor in question. The evidence is sufficient to justify the jury's verdict.

No error appearing, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The offense was the possession of intoxicating liquor for the purpose of sale. Jack Leonard and Tom Moore, deputy sheriffs, acting under a search warrant, discovered upon

the premises of the appellant five gallons of whisky and five gallons of beer.

For the appellant, his wife testified as follows: Her health was bad. She weighed only sixty-two pounds. She was affected with pellagra and was told by the doctors that she had lung trouble and kidney trouble, and had been advised by them to use whisky for the maladies with which she was suffering. She was an invalid and had laid in bed for a number of months. She had been treated by several doctors whom she named. From her testimony we quote: "Dr. Clyde Nevill has prescribed the use of whisky by me as a medicine and I have been using whisky as nourishment and medicine for the last three years. The whisky that was found there was mine and I put it there."

She ran a filling station and had done so for some time. Her husband stayed there but little. Every year he made a crop on his 54-acre tract of land about ten miles south of town. He stayed in the country most of the time, though he came home some nights; and when she was sick, he stayed with her several days at the time. He had no knowledge of the presence of the whisky. She got the whisky on Sunday night and the place was searched on Tuesday. She was unable to buy prescription whisky.

Dr. Neville testified that he was a practicing physician and has known Mrs. Traylor for many years; that he treated her the last time about six weeks before the trial; that she had been his patient for about ten years; that she would have weak spells and was a very frail woman; that when he saw her several years ago he did not think she would live but a short time; that he recommended alcoholic drinks as a stimulant.

On the original hearing we followed the case of Logan v. State, 115 Texas Crim. Rep., 498, 27 S. W. (2d) 171, and declined to consider the bills of exception because filed more than thirty days after the adjournment of court. The statute upon the subject (Code Cr. Proc. 1925, Art. 760, Subd. 5) reads thus: "When an appeal is taken * * * the defendant shall be entitled, with or without an order of court, to thirty days after the day of adjournment of court in which to prepare or cause to be prepared and filed a statement of facts and bills of exception."

In the statute the trial judge is given the authority, upon application, to extend the several times for the preparation of statement of facts and bills of exception to a time not exceeding ninety days from the date of notice of appeal. See C. C. P., Art. 760, Subd. 5. Upon reconsidering the subject in the case of McCleary v. State, 117 Texas Crim. Rep., 237, 36 S. W. (2d) 166, the conclusion was reached and stated that in the absence of some fact or circumstance appearing from the record, a notation such as was made in this case, quoted above, will be regarded as allowing ninety days from the time of notice of appeal within which to

prepare and file the statement of facts and bills of exception. This conclusion is impelled by the fact that otherwise construed, the judge's notation in the present instance that he granted the "statutory time" would mean nothing. The language chosen by the trial judge implies the extension to the appellant of a privilege which would not be accorded him in the absence of some action by the trial court. Without any action of the trial court, the law, of its own force, gave the appellant thirty days within which to file the documents mentioned. "Grant" means "to bestow; to confer." The court was impotent to confer upon the appellant a right which perforce the statute was his. In McCleary's case, supra, there was language interpreting the meaning of the court's words and making it clear that he had no intention of giving an extension of time beyond that which the statute, by its own force, conferred upon the accused.

The record contains a number of bills of exception. Some of them were prepared by the appellant and some by the court.

The complaint in bill No. 5 is that on the day upon which the search of the premises was made, there was seen at the appellant's place a half gallon of whisky setting on a show-case, which whisky apparently belonged to Joe Thurman. The bill does not make clear that this was error. The court, in qualifying the bill, states that the jury were told that there could be no conviction of the appellant by reason of any of the whisky found on his premises save that which was the result of the search.

The court instructed the jury that if the whisky found by the officers was bought by the wife of the appellant and possessed by her or by the appellant for medicinal purposes, there should be a verdict of not guilty. The court also instructed the jury on the law of circumstantial evidence.

The appellant requested a charge defining and limiting the prima facie evidence. The subject was fully covered in the main charge.

The question as to the sufficiency of the search warrant is not properly raised. The bill of exception fails to set out, either in substance or in detail, the affidavit for the search warrant or the warrant itself. The premises was not a private residence within the terms of Art. 691, P. C., but one used for the sale of merchandise, as well as a residence. The only complaint made of the search warrant is that it was not in accord with Art. 691, P. C. No description of the affidavit or warrant is given in the bill.

The testimony of the officers obtained through the search was properly received.

The absence of specific testimony that the beer was intoxicating was immaterial. The court has judicial knowledge that beer is intoxicating.

See Fulmer v. State, 115 Texas Crim. Rep., 239, 29 S. W. (2d) 789, and cases cited therein.

The action of the court in omitting from the charge on circumstantial evidence the words "and no other person" is, under the facts of the case, not deemed error. The charge given contained other tests of exclusion such as contained in Moore v. State, 39 Tex. Crim. Rep., 266, 45 S. W., 809. Moreover, there might have been a joint possession by the appellant and his wife, making them principal offenders.

The motion for rehearing is overruled.

*Overruled.*