ENRIQUE GARCIA v. THE STATE.

No. 13856. Delivered February 4, 1931.
Rehearing Denied March 18, 1931.

The opinion states the case.

*L. D. Stroud* and *Alex F. Cox,* both of Beeville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for 18 months.

The motion for new trial was overruled on May 5, 1930, at which time notice of appeal was given. The statement of facts and bills of exception were filed August 4, 1930, which was more than 90 days from the date notice of appeal was given. Article 760, Subdivision 5, Code of Criminal Procedure, provides that the time for filing statement of facts and bills of exception "shall not be so extended as to delay the filing thereof within 90 days from the date the notice of appeal is given." Smith v. State, 115 Texas Crim. Rep., 549, 27 S. W. (2d) 217, and authorities cited.

No question being presented for review, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—In deference to the affidavit of the appellant's counsel setting up facts upon which he contends that the bills of exception and statement of facts should be considered, we have examined the documents and make upon them the following comments: Acting under a search warrant the officers found in the house and on the premises of the appellant something over two gallons of whisky and a number of bottles and containers. Some of them bore the odor of whisky. The appellant admitted the ownership of the whisky. He introduced no testimony.

Bill of exception No. 1 contains more than twenty pages of typewritten matter, most of which is the reproduction of the stenographer's notes in question and answer form. The bill is accompanied by no certificate of the trial judge that the preparation of the bill in question and answer form was necessary to illustrate the controverted point. The statute forbids the consideration of such a bill in the absence of a certificate of the trial judge showing the necessity for the procedure. See Article 760, C. C. P., subd. 3, also Childress v. State, 92 Texas Crim. Rep., 215, 241 S. W., 1029; Vernon's Ann. Tex. C. C. P., Vol. 2, p. 368, where many cases are collated upon the subject.

From that part of the bill which is not in question and answer form, it is made evident that the appellant is complaining of the insufficiency of the search warrant and the affidavit upon which it is based. Neither the affidavit nor the search warrant is set out in the bill either in substance or in detail. See Morgan v. State, 115 Texas Crim. Rep., 14, 27 S. W. (2d) 208, and cases there cited; also Texas Jurisprudence, Vol. 4, secs. 212-217. This court is without knowledge of their contents and manifestly would be without data upon which to appraise their sufficiency. We gather from the bill that it was an effort to attack the affidavit upon evidence not apparent upon the face of the affidavit. It seems that the contention made was that the makers of the affidavit did not sign it, though the contrary is shown on the face of the affidavit. As qualified, the bill states affirmatively that the testimony showed that it was signed by the makers of the affidavit. The qualification controls the bill.

Bill No. 2 reflects an objection by the appellant to the testimony of the officers acquired by virtue of the search warrant. The bill fails to

set out, either in detail or in substance, the search warrant and also fails to set out the testimony against the receipt of which the objection is addressed. See Tex. Jur., Vol. 4, sec. 212.

Bill No. 3 challenges the ruling of the court in the receipt of testimony of an unnamed witness upon the ground that it was a declaration made in the absence of the accused. The bill fails, by any specific statement, to show that the appellant was absent and also fails to set out, in whole or in substance, the testimony given by the witness.

The evidence is sufficient to support the verdict. No error justifying a reversal has been perceived or pointed out.

The motion for rehearing is overruled.

*Overruled.*