## C. M. ROACH v. THE STATE.

No. 19596.   Delivered March 30, 1938.
Rehearing denied May 18, 1938.

The opinion states the case.

*Hancock & Hancock,* of Waxahachie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The conviction is for a violation of the local option law, with punishment of a fine of $100.00.

The statement of facts does not bear the approval of the county judge trying the case, hence we can not consider the same.

Appellant's bills of exception Nos. 1 and 2 complain of the sufficiency of the search warrant and affidavit therefor, but same is not anywhere exhibited in the record, and we can not appraise such bills without having such warrant and affidavit before us. These bills are incomplete and we can not consider same.

Bill of exceptions No. 3 complains of the fact that a deputy sheriff, while on the stand, and after there had arisen some question as to what some seven bottles labeled "whiskey" contained,—was allowed to open one of them and taste its contents. He qualified as having tasted whisky, and as being able to tell whisky by tasting, and thereafter he tasted one of the bottles and denominated it as whisky. We can see no error in such an action.

The remaining bills all complain of the argument of special counsel, and allege that such arguments are a reference and comment on the defendant's failure to testify in the case. The complained of remarks are as follows: "Every defendant has the right to defend himself. That is true—counsel never did say what this man worked at. He may have worked so hard that he needed a little spirits to pep his tired body up. Yes, you know how hard he worked as well as I do." The court in his qualification thereto says that such argument was in answer to the following statement by appellant's attorney: "That the defend-

ant should not be found guilty and have to pay his hard earned money that he worked for for something he had not done." We see no error in such argument.

Another bill complains of the following argument by special counsel: "You know a doctor would not give him that much whisky for his health. He had whisky all over the house. He had a basket full in his house." The court's qualification to such bill says that same was in answer to appellant's attorney's argument: "That he would admit that one bottle, the bottle that was opened and tasted, was whisky, but there was no proof that there was more than one bottle of whisky." Appellant insists that such remarks were inflammatory, prejudicial and an indirect reference to his failure to testify. We do not think so. They seem to us to be legitimate argument, and we see no error therein.

The judgment will be affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—In the opinion affirming the judgment of conviction it was stated that we were unable to appraise bills of exception one and two relating to the testimony of the searching officers for the reason that the affidavit and search warrant were not embraced in the record.

Appellant now brings forward a copy of said instruments with the certificate of the trial judge appended thereto showing that they were introduced in evidence. If such instruments should be held to be insufficient and could be properly considered, it is observed that the record is before us without an authenticated statement of facts. The testimony of the officers touching the result of the search might have been erroneously received. Nevertheless, if substantially the same testimony was given by the appellant or by other witnesses without objection on the part of appellant reversible error would not be made to appear. It follows that, in the absence of a statement of facts, we would not be warranted in holding that said bills of exception reflect reversible error.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.