# D. H. HARKEY V. THE STATE.

No. 21474. Delivered April 9, 1941.
Rehearing Denied May 21, 1941.

The opinion states the case.

*Jimmie Cunningham,* of Graham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

CHRISTIAN, Judge.

The record having been perfected, the appeal is reinstated. The opinion dismissing the appeal is withdrawn and the following substituted therefor:

The offense is possessing beer in a dry area for the purpose of sale; the punishment, confinement in jail for thirty days.

Operating under a search warrant, officers entered appellant's place of business in a dry area for the purpose of making a search for intoxicating liquor. According to their testimony, upon entering what they called a barroom, they observed several people sitting at the counter drinking what appeared to them to be beer. They walked into an adjoining bedroom and found appellant lying on a bed. In the public room they found an ice box behind the counter containing several cans of beer covered with ice and cold water. About eight or ten feet from appellant's back door they found a case of beer "leaning against an adjoining building." In a pressure cooker in appellant's kitchen they discovered eight cans of beer. They also found a partially filled pint of gin and a partially filled pint of whisky in the ice box in the kitchen. There were also present in the house two full pints of gin. There were several dozen empty beer cans, which appeared to be new, just behind the living quarters of the appellant. One of the officers testified, in effect, that they found twenty-nine cans of beer in the building occupied by appellant.

Appellant did not testify but introduced his wife who stated that the adjoining building against which the officers discovered a case of beer was not controlled by the appellant.

Appellant made no objection to the testimony of the officers touching the result of the search but contented himself with presenting a motion to quash the affidavit and search warrant. The court properly overruled the motion. This procedure is not sanctioned by the rule prevailing in this State. Buchanan v. State, 298 S. W. 569. See, also, Foster v. State, 104 Tex. Cr. R. 121, 282 S. W. 600, and Raymond v. State, 106 Tex. Cr. R. 147, 291 S. W. 251.

The court submitted in the main charge an instruction relative to the prima facie evidence rule. This instruction was warranted in view of the fact that the testimony of the State was sufficient to show that appellant possessed in Young County, which was a dry area, more than twenty-four cans of beer each of which cans contained twelve ounces of such liquid. Appellant excepted to the charge on the ground that it was on the weight of the evidence, and, in effect, was an instruction to the jury that he was "prima facie guilty of the offense charged." A further ground embraced in the exception was to the effect that the charge placed upon the appellant the burden of proving his innocence. In connection with his exception, appellant presented to the court a requested instruction which read in part as follows: "You are instructed that possession of more than twenty-four bottles, cans or containers, with the capacity of twelve ounces each, containing beer with an alcoholic content of not less than one-half of one percent by weight and not more than four percent by volume is prima facie evidence that possession of such quantity of beer was for the purpose of sale * * *." Substantially the only difference between the quoted part of the requested instruction, which was refused, and the charge of the court upon the subject was that the court advised the jury that possession of the quantity of liquor in question was prima facie evidence of guilt, where as the requested instruction, as already observed, would have advised the jury that possession of such quantity of beer was prima facie evidence that it was possessed for the purpose of sale. We are not impressed with the view that the use of the word "guilt" in the charge of the court instead of the term "purpose of sale," as used in the requested charge, should have rendered the charge less desirable than that presented by the appellant. In short, the two charges on the point in question are substantially the same.

In connection with the court's charge, the term "prima

facie evidence" was defined, in part, as follows: "Such possession, however, is only prima facie evidence of guilt, in other words merely raises a legal presumption of guilt which presumption may be overcome by evidence showing that such possession is not for the purpose of sale * * *." In a second requested instruction, presented in connection with appellant's exception to the charge, we find the following: "The possession of more than twenty-four twelve ounce bottles of beer merely raises the presumption that same was possessed for the purpose of sale, which may be refuted by showing that such possession was for some other purpose." We think the court's instruction is substantially the same as that embraced in the requested charge and that no error in the refusal of such charge is presented. In his exception to the charge in question appellant requested the court to strike out the entire paragraph relating to the prima facie evidence rule. He failed to point out any part or parts of the definition of prima facie evidence, as embraced in the court's charge, which had the effect of placing the burden on him to prove his innocence. There is an absence from both of the requested charges presented by appellant of a full and complete definition of prima facie evidence. In view of the fact that this is a misdemeanor, appellant should have specifically excepted to the portion of the charge deemed by him to be objectionable and presented to the court a requested instruction embracing a correct and complete definition of the term "prima facie evidence." It follows from what we have said that it is not necessary to determine whether the court's charge on the prima facie evidence rule was in all respects correct.

Bill of exception No. 2 relates to the refusal of the court to permit appellant to ask the justice of the peace who issued the search warrant whether he had read the affidavit upon which it was based. Bill of exception No. 3 relates to an effort on the part of appellant to show that the officers making the affidavit for the warrant made a false statement in such affidavit when they set forth therein that appellant possessed beer on his premises for the purpose of sale. The court was correct in refusing to permit the inquiries shown in said bills 2 and 3. The affidavit and warrant were not subject to be attacked in the manner appellant was seeking to attack them. See Dikes v. State, 48 S. W. (2d) 259, and authorities cited.

Bill of exception No. 4 recites that the court premitted the

State to introduce in evidence certain beer which had not been found upon premises under appellant's control. There is nothing in the bill to show that the beer in question did not belong to the appellant. If we go to the statement of facts we find that such beer was about eight feet from the back door of appellant's place of business. The bill fails to reflect error.

We have carefully examined the remainder of appellant's bills of exception and are of opinion that they fail to present reversible error.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

After consideration of appellant's motion for rehearing we remain of the opinion that proper disposition was made of the case in our original opinion.

The motion for rehearing is overruled.