### JACK COTHRAN V. THE STATE.

No. 21864.   Delivered January 21, 1942.
Rehearing Denied March 25, 1942.

The opinion states the case.

*J. Mitch Johnston,* of San Saba, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The unlawful possession of whiskey for the purpose of sale in a dry area is the offense; the punishment, a fine of $150.00.

It was agreed that San Saba County was a dry area within the meaning of the Texas Liquor Control Act. (Art. 666-23, Vernon's Annotated Penal Code).

Under authority of a search warrant, the Sheriff of San Saba County, accompanied by an inspector of the Texas Liquor Control Board, made a search of appellant's residence and found therein nine pints of whiskey. Under the prima-facie evidence rule (Art. 666-23a, Vernon's Annotated Penal Code), the jury was warranted in finding appellant guilty as charged.

Appellant did not testify as a witness in his own behalf, nor did he offer any affirmative defensive testimony. No objection

was made to the testimony of the officers as to the result of the search of the residence.

Appellant's sole complaint is the trial court's failure to sustain his motion to quash the search warrant. The motion was properly overruled. The proper procedure, in this State, for testing the validity of a search warrant is to object to the introduction of the evidence obtained as a result thereof. Foster v. State, 282 S. W. 600, 104 Tex. Cr. R. 121; Raymond v. State, 291 S. W. 251, 106 Tex. Cr. R. 147; Buchanan v. State, 298 S. W. 569, 107 Tex. Cr. R. 559; Miller v. State, 150 S. W. (2d) 1042; Harkey v. State, 150 S. W. (2d) 808.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

By his motion for rehearing appellant contends that the original opinion was in error in not considering his objection to the introduction of evidence under the search warrant because such objection was not brought forward by bill of exception. The motion quotes from the statement of facts to show that exception was taken to the evidence and contends that it is the duty of this Court to consider the same in the absence of bill of exception. This is not sustained by the authorities. (Art. 760, Code of Criminal Procedure.) For a discussion of this question we refer to Vol. 4, page 204, Tex. Jur., in which it is said, "And except in a matter of fundamental error, it is essential to authorize review, that rulings of the trial court and objections and exceptions thereto be brought up by bills of exception." It is further stated that the bill of exception is not dispensed with because of the fact that the record shows that the ruling would have been error had proper objection been interposed provided it is a matter that may be waived. Certainly the questions under consideration are of a nature that may be waived.

Fundamental errors may be considered though not presented by bills of exception and this includes the sufficiency of the

evidence to support the jury's verdict. The question discussed in the opinion and submitted on motion for rehearing is not fundamental.

There being nothing else presented for consideration the motion for rehearing is overruled.