# JOHN JAMES V. THE STATE.

No. 22581. Delivered October 20, 1943.
Rehearing Denied December 15, 1943.

The opinion states the case.

*Cunningham, Lipscomb & Cole,* of Bonham, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a jury's verdict assessing a fine of $250.00 on a charge of violating the liquor laws.

A brief statement of the facts is necessary to a consideration of the questions presented. Representatives of the Liquor Control Board, accompanied by local officers, went to appellant's cafe in the town of Trenton with a search warrant issued by a justice of the peace and proceeded to search the premises of appellant where they found two half pint bottles of liquor in a bureau drawer. An iron safe in the rear of the building was locked and appellant told the officers that he had given the combination to a boy whose name he did not remember. The officers bounced the safe around on the floor, with the result that brown liquid, which they identified as whisky, poured out of it. They then took appellant and the safe to Bonham, some eighteen miles away, where they opened the safe by the use of a blow torch in a junk yard and found in it fifteen half pint bottles of whisky. It also contained a little less than $300.00 in money which the defendant claimed and took into his possession. The appellant did not testify and offered no evidence in rebuttal or explanation of the facts developed by the State.

Objection was made to the introduction of the evidence about the money and the appellant's conduct in taking possession of it. We think the evidence was admissible. In the first place, its only effect could be to identify the safe and its contents as the property of the accused. Under the circumstances stated, this is amply proven by the circumstances and it was not necessary for the State to introduce the evidence. Had it been on a controverted issue, the evidence is clearly admissible under the rule of res gestae of the offense. The time element plays no part in the case for the officers merely took the safe for the purpose of opening it. Thus they were continuing the search which was begun at Trenton. The fact it was completed eighteen miles from the cafe is explainable by the officers as the only available method of opening it. We see nothing unreasonable in this conduct. Lee v. State 17 S. W. (2d) 48; Rayburn v. State 255 S. W. 436; Coburn v. State 255 S. W. 613; Nicholson v. State 20 S. W. (2d) 762; Graves et al v. State 29 S. W. (2d) 379.

It is presented on the appeal that the court, in approving the bills complaining of the introduction of this evidence, certified that the court "permitted said testimony of the witness to go to the jury, to the prejudice and injury of the defendant." Like expression is found in several of the bills. Appellant relies upon this certificate as having the effect of certifying that he had committed error.

In the first place, we do not construe the language to have that effect, though it may under some circumstances be so construed. Clearly it was not the intention of the court that it should have that effect. Even if it did, we would not be bound by such certificate. The record is clear as to what the evidence was and there is no question of fact to be made more definite or to be modified by the court's certificate. A. question of law is presented and the trial court has no authority to bind this court on a question of law, whether it is to hold evidence admissible or inadmissible. This question has been fully discussed in Douglas v. State 161 S. W. (2d) 92 and Cox v. State 150 S. W. (2d) 85.

Complaint is also made because the court failed to give appellant's special requested charge number two, instructing the jury as to the consideration which it may give to the presumption arising from the possession of more than one quart of liquor. Section four of the court's main charge gave a very clear and concise instruction covering the matter and it was not necessary to repeat it in the form of a special requested charge.

We find it unnecessary to discuss the other questions raised. The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

We have again examined the bills which appellant contends show that the trial court certified error in the admission of evidence as to the whisky found in the safe. We remain of the opinion that the bills cannot properly be construed as certifying error. If they should be construed as presenting the trial court's view regarding the effect of the evidence complained of, we advert to the case of Pounds v. State, 128 Tex. Cr. R. 519, 81 S. W. (2d) 698. The bills there, as here, set out the testimony and the circumstances surrounding the matter and the discretion of this court will control in appraising the situation.

See also upon the same point Roberson v. State, 131 Tex. Cr. R. 60, 95 S. W. (2d) 443, and Converse v. State, 143 Tex. Cr. R. 323, 158 S. W. (2d) 317, in addition to the authorities cited in our original opinion.

Appellant also insists that the predicate was insufficient in admitting the evidence found as a result of the search. When objection to such evidence was made, the county attorney presented the search warrant to the trial court. This was the correct proceeding. It would have been improper to have introduced the warrant before the jury. The court overruled the objection. The presumption is that upon inspection the trial court found the search warrant regular and sufficient, otherwise the objection would have been sustained. If appellant thought the warrant insufficient on its face, or that it was predicated upon insufficient evidence, he should have brought it forward in a bill in order to apprise us of the trouble. See Arnold v. State, 110 Tex. Cr. R. 529; 7 S. W. (2d) 1083; Hunter v. State, 111 Tex. Cr. R. 252, 12 S. W. (2d) 566. In his motion for rehearing appellant has cited us to several authorities but an examination of them reveals that no search warrant was exhibited to the trial judge but the officer testified only that he had a search warrant. Such is not the situation in the present record.

We find no reason for disturbing our former judgment of affirmance. The motion for rehearing is overruled.