BAILEY v. STATE.
No. 25720.

Court of Criminal Appeals of Texas.
Feb. 27, 1952.

On Rehearing April 16, 1952.

Second Motion for Rehearing Denied
May 14, 1952.

Sheffy. Mahan, Childress, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

DAVIDSON, Commissioner.

The unlawful possession of whisky for the purpose of sale is the offense; the punishment, a fine of $1,000.

Agents of the Liquor Control Board, by authority of a search warrant, searched the private residence of appellant and found therein a large quantity of whisky, beer, and other intoxicating liquors.

The sole question presented relates to the sufficiency of the search warrant and the affidavit in support thereof.

It becomes of first importance to determine whether the question is before us.

Appellant filed a motion to suppress the evidence obtained as a result of the search. This motion set out the affidavit and the search warrant, and alleged other facts which appellant relied upon to show the description of the premises was such as that the premises searched could not have been located by such description. The motion does not appear to have been acted upon by the trial court.

██ It has been the repeated holding of this court that it is necessary to object to the introduction of testimony claimed to have been obtained as a result of an unlawful search, and that a motion to suppress such evidence is insufficient for that purpose. Harkey v. State, 142 Tex.Cr.R. 32, 150 S.W.2d 808; Cothran v. State, 143 Tex.Cr.R. 570, 159 S.W.2d 876; Anderson v. State, 146 Tex.Cr.R. 222, 172 S.W.2d 310.

Appellant presents no independent bill of exception complaining of the introduction of the testimony, but relies upon his objection to the testimony as shown in the question-and-answer statement of facts.

The state challenges consideration of such exception and, in this connection, calls attention to the fact that nowhere in the statement of facts, adduced either upon the merits of the case or upon the hearing in the absence of the jury touching the introduction of the evidence, are the affidavit and the search warrant shown.

██ Other than in the motion of appellant to suppress the evidence, the record does not reflect the affidavit and the search

warrant upon which the search was based. The affidavit and the search warrant set out in the motion to suppress, not having been authenticated or certified by the trial court, constituted nothing more than a pleading.

██ In the absence of an authenticated affidavit and search warrant, appellant's objection to the testimony claimed to have been unlawfully obtained as a result of an illegal search cannot be appraised.

The judgment is affirmed.

Opinion approved by the court.

## On Motion for Rehearing.

MORRISON, Judge.

Our able State's Attorney has filed herein an excellent brief. Excerpts therefrom are adopted as the opinion of this court.

██ "Appellant, in his motion for rehearing, apparently recognizes the deficiency of his bill of exception No. 1, in that it does not contain the search warrant complained of nor refer to any part of the record where a duly authenticated copy of it may be found. He seeks to avoid the effect of this fatal deficiency in his bill by arguing that the provisions of Article 759a, Section 1, par. C, Vernon's Annotated Code of Criminal Procedure, by its terms forbids the incorporation of the alleged defective search warrant in a bill of exceptions because a copy of a purported search warrant was copied in the clerk's transcript of the proceedings where appellant's motion to suppress evidence was set out, such motion having as an exhibit attached to it a copy of an alleged search warrant. Appellant's position seems to be that the legislative act, as he interprets it, has forbidden him to write an effective bill of exception and that, therefore, the Court should write one for him. * * *

"The State says that to construe the legislative act as contended for by appellant would make Article 759a, Vernon's Code of Criminal Procedure, inconsistent in its several provisions; that it would permit the clerk, by copying an instrument in his transcript of the proceedings, to pre-

vent the appellant from making out a full bill of exception in many instances despite the fact that the same article of the statutes gives the parties the full control over the content of a bill of exception in Q. & A. form when such is agreed upon by the parties. * * *

"As held in the original opinion, the copy of a search warrant set out in the clerk's transcript of the proceedings as a part of appellant's motion to suppress evidence is but a pleading. It is not authentically shown to be anything other than a matter pleaded by the appellant. It is not shown by any proper method to be a true copy of the search warrant exhibited to the trial judge. It is not shown as a fact that the search warrant copied by the clerk in the transcript of the proceedings was ever before the trial court. Under the law, the appellate court must have the search warrant complained of exhibited before it before it can decide that the search warrant is deficient. The duty to so exhibit it devolved upon the appellant, and he has not discharged this burden.

"This Court has many times held that where either the search warrant or the affidavit on which the search warrant is based is questioned as to the legal sufficiency thereof, the questioned document must be set out in a bill complaining of the alleged legal insufficiency. The rule is well stated in 4 Tex.Jur., Sec. 234, pp. 344–345, from which the following quotation is taken:

"'A bill of exceptions to receipt in evidence of discoveries made by officers acting under alleged defective search warrants or affidavits is insufficient where it does not set out the search warrant either in words or in substance * * * And the same is true where the bill does not negative the existence of facts and circumstances which would authorize the arrest of the defendant and the search of the premises without a warrant for an offense committed within the view of the officer.'

█ "The text is supported by a long list of authorities set out in the footnotes. Attention is directed especially to Morgan v. State, 115 Tex.Cr.R. 14, 27 S.W.2d 208; Garcia v. State, 117 Tex.Cr.R. 190, 36 S. W.2d 173; Traylor v. State, 117 Tex.Cr. R. 323, 36 S.W.2d 506; Hubert v. State, 115 Tex.Cr.R. 391, 28 S.W.2d 553; James v. State, 146 Tex.Cr.R. 456, 175 S.W.2d 966; and Roach v. State, 134 Tex.Cr.R. 556, 116 S.W.2d 716. A long list of cases holding that the sustaining of a search warrant by the trial court is conclusive where the bill of exception does not set out the warrant are listed in Texas Digest, Criminal Law, ☞1120(1).

"It is respectfully submitted that, by virtue of the foregoing cited authorities, the question of the sufficiency of the search warrant is not presented before the Honorable Court of Criminal Appeals in such form, manner or method as to furnish the appellate court with the necessary information so it can pass upon the matter.

██ "At the time of the original decision of this case, the only purported copy of a search warrant was that attached to appellant's motion to suppress the evidence as an exhibit. It was before the Court only as a pleading and not as a proved instrument. Since the original opinion was handed down, the clerk has sent up a supplemental transcript setting out a search warrant issued by the county judge of Childress County on the 26th day of September, 1951, and returned the 27th day of September, 1951. The transcript shows it was filed the 27th day of September, 1951. This case was tried on the 18th day of October, 1951. No record is before the appellate court showing that the search warrant set out in the supplemental transcript is the one attempted to be complained of by appellant or that it was ever exhibited before the trial judge in the trial of the case on the 18th day of October, 1951. Search warrants are properly filed by the clerk of the magistrate or the magistrate who issued the warrant. The instrument copied in the supplemental transcript places appellant in no better position than he was before the supplemental transcript was sent up. * * *

"Appellant has but one bill of exception. It is fatally deficient to present anything for review by reason of the matters

above set out. It is respectfully submitted that the Honorable Court of Criminal Appeals correctly decided this case in its original opinion, and the State of Texas respectfully prays that appellant's motion for rehearing be overruled.

"(signed)   George P. Blackburn
"State's Attorney"

It is so ordered.